R. V. SMITH, Appellant, v. T. P. HOLLOWELL, Appellee.

No. 40275.

FEBRUARY 11, 1930.

*Ray P. Scott,* for appellant.

*Joe B. Tye,* County Attorney, for appellee.

FAVILLE, J.—On September 28, 1926, the county attorney of Marshall County filed a county attorney's information in the district court of said county, charging the appellant with

 the crime of robbery with aggravation. On the same day the appellant filed a written plea under oath, wherein he pleaded guilty to the "crime of robbery with aggravation." Thereupon the appellant was sentenced to be confined in the penitentiary at Fort Madison at hard labor for the term of 25 years. Appellant entered upon the service of said sentence, and on November 13, 1929, filed the petition in this action in the district court of Lee County, praying for a writ of habeas corpus, and alleging that the said county attorney's information was defective, in that it did not charge the appellant with the crime of robbery with aggravation, and that, therefore, the court was without jurisdiction to sentence appellant to the penitentiary for the period of 25 years.

Section 13038, Code of 1924, defines the crime of robbery, and provides that any person guilty of robbery "shall be punished according to the aggravation of the offense, as is provided in the two following sections." The following section (13039) makes provision for the punishment in the event of robbery with aggravation,—as, for example, where the offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed,—to be imprisonment in the penitentiary for a term of 25 years. Section 13040 provides for punishment in the case of robbery without aggravation by imprisonment in the penitentiary at not to exceed 10 years.

Appellant's contention is that the information involved in the instant case did not charge robbery with aggravation, but merely robbery, and that the court did not have jurisdiction thereunder to sentence him for a term of more than 10 years.

I. It is not contended that the court did not have jurisdiction of the crime of robbery, nor is it claimed that the information does not sufficiently charge said crime. The contention is, in effect, that the information was fatally defective in describing the crime charged therein,—to wit, robbery with aggravation.

Appellant's contention at this point is answered by our holding in *Furey v. Hollowell*, 203 Iowa 376, wherein we said:

"Habeas corpus does not lie to question the sufficiency of an indictment or information, and exists on this ground when,

and only when, the act charged does not constitute an offense by reason of the constitutionality of the statute declaring it to be an offense, or where there is a total failure to allege any offense known to the law. 29 Corpus Juris 41, Section 34. A prisoner under lawful judgment, therefore, may not, by habeas corpus, be discharged on the ground that the indictment under which he was tried and sentenced was insufficient in not stating a public offense, since that question should have been raised by demurrer on the trial. He did not appeal from the judgment. If this were not the rule, a *nisi prius* court of co-ordinate jurisdiction in habeas corpus would act as an appellate court over a matter in which another *nisi prius* court had jurisdiction in the first instance. Any other rule would produce a conflict of jurisdiction, and lead to inextricable confusion * * *.''

We reviewed the authorities somewhat in the *Furey* case.

II. It is urged that the sentence is excessive, in that it is for 25 years, when the maximum sentence for robbery (without aggravation) is but 10 years, and that the excess beyond the 10-year period is void.  If appellant had been sentenced for a period of 10 years, that period has not yet expired. Therefore it necessarily follows that in no event is the appellant being illegally restrained of his liberty at this time. The cases are uniform and explicit to the proposition that:

"Prior to the expiration of that part of the sentence that the court could legally impose, the prisoner will not, according to the prevailing rule, be discharged on habeas corpus on the ground that the sentence is excessive." 12 Ruling Case Law 1209.

We deem it unnecessary to cite the numerous cases sustaining this rule. Something over a hundred are collected in 29 Corpus Juris 59, Note 9, and in 12 Ruling Case Law 1209, Note 6.

III. In view of our conclusion that habeas corpus will not lie to discharge appellant before he has served the portion of his sentence which in any event was authorized, we make no pronouncement on the question of the sufficiency of the county

attorney's information to charge the offense of robbery with aggravation, or of the effect of appellant's plea thereto.

The trial court did not err in sustaining the demurrer to appellant's petition, and the judgment discharging the writ and remanding appellant to the custody of the appellee is— *Affirmed.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.