DANIEL L. H. WEST, Appellant, v. PERCY A. LAINSON, Warden, Appellee.

No. 46628.

February 6, 1945.

Daniel L. H. West, pro se.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, and Robert N. Johnson, Jr., County Attorney, for appellee.

WENNERSTRUM, J.—The petitioner, Daniel L. H. West, filed a petition for a writ of habeas corpus in the district court of Lee County, Iowa, against the respondent, Percy A. Lainson, warden of the Iowa State Penitentiary at Fort Madison, Iowa. West seeks release from that penal institution. At the completion of the hearing the trial court annulled the writ and the petition was dismissed. The petitioner has appealed.

Appellant was indicted by the grand jury of Polk County, Iowa, on February 7, 1941. The indictment was in two counts. In count 1, appellant was charged with the crime of forgery, it being alleged that he forged a check drawn on the Bankers Trust Company of Des Moines, Iowa. In count 2 of the indictment appellant was charged with the crime of uttering a forged instrument, which was the same check referred to in count 1 of the indictment. There was filed in this criminal proceeding a bill of particulars, in which there was set out a true copy of the check upon which the indictment was based. However, it was therein shown that the check involved in this criminal action was drawn on the Iowa-Des Moines National Bank and Trust Company, Des Moines, Iowa, rather than the Bankers Trust Company. At the time of arraignment appellant entered a plea of not guilty. He was tried on both counts of the indict-

ment on March 12, 1941. In all these proceedings he was represented by counsel. The jury returned a verdict of guilty on both counts of the indictment. Appellant's motion for a new trial was subsequently overruled and he was sentenced on March 24, 1941, to the state penitentiary at Fort Madison for a period not to exceed ten years for the crime of forgery and for a period not to exceed fifteen years for the crime of uttering a forged instrument. In addition, appellant was fined $100 and a judgment was entered against him for costs. The sentence imposed by reason of count 1 was ordered to run concurrently with the sentence imposed by reason of count 2. The appellant's abstract does not set out the mittimus issued directing that the appellant be delivered to the state penitentiary at Fort Madison. However, a statement incorporated in the appellee's brief and argument is to the effect that the mittimus provided that the appellant was to be confined in the state penitentiary for a term not to exceed twenty-five years. There was no appeal taken from the sentence and judgment imposed in the Polk county proceeding.

The appellant's meager abstract of the record, as submitted to this court, does not set out any of the testimony presented at the time of the hearing on the petition for a writ of habeas corpus.

In connection with one of the complaints made by the appellant it should be stated that at the time he was sentenced there was pending in the Forty-ninth General Assembly (1941) a bill to amend section 13140, Code, 1939, which section pertains to the crime of uttering a forged instrument. This bill was later enacted [chapter 313, Acts of the Forty-ninth General Assembly] and thereby changed the maximum penalty for the violation of that section from fifteen years to ten years. This legislative enactment became effective, under the provisions of the Constitution and the statutes of the State of Iowa, on July 4, 1941. (Constitution, Article III, section 26; section 53, 1939 Code of Iowa.)

The general allegations of error as discerned from appellant's brief and argument are (1) the members of the grand jury who returned the indictment against him were not sworn as provided by law (2) the indictment charged appellant with the

commission of two separate and distinct crimes, to wit, forgery and uttering a forged instrument (3) the sentence of fifteen years for the crime of uttering a forged instrument was excessive because at the time of its rendition the penalty prescribed by law for such an offense provided for only ten years' imprisonment (4) appellant was denied due process of law in that there were no negroes on the grand-jury panel which returned the indictment against him (5) a witness was permitted to testify at the trial whose name was not endorsed on the indictment as one of the witnesses testifying before the grand jury (6) he was forced by duress to make a written waiver of his right of appeal from the sentence imposed by the district court and (7) there was a variance between the allegations of the indictment and the bill of particulars in that the check referred to in the indictment stated that said check was drawn on one bank while the bill of particulars referred to another bank.

I. There is no question that the Polk County District Court had jurisdiction to consider the criminal proceeding then pending against this appellant. His allegations of error, which have been heretofore set forth, are, in the main, errors which could only be considered by us on appeal. Inasmuch as the appellant did not appeal from his conviction in the Polk County District Court we cannot here review the claimed errors in that proceeding on an appeal in a habeas corpus proceeding.

In our latest pronouncement in regard to such matters we stated, in Reeves v. Lainson, 234 Iowa 1034, 1035, 14 N. W. 2d 625:

"Habeas corpus cannot perform the function of an appeal from the judgment of conviction where the judgment is not void. The appellee had his opportunity to appeal. The judgment is not void and he cannot attack it collaterally by habeas corpus. We have so held many times."

In this last-cited case there are set out the many Iowa authorities which support the quoted statement. A review of them has shown us that they fully support the holding there announced.

■ II. Habeas corpus will not lie because of a claimed error or irregularity in the impaneling of a grand jury. Busse v. Barr, 132 Iowa 463, 468, 469, 109 N. W. 920, 1021; 39 C. J. S., Habeas Corpus, section 15.

■ III. There is no merit to appellant's claim based on the fact that he is charged with two distinct crimes in the one indictment. The procedure followed in this case is authorized by statute. Section 13738.1, 1939 Code of Iowa. An indictment similar to the one brought against the petitioner in the Polk County District Court has heretofore been approved by us. State v. Miller, 217 Iowa 1283, 252 N. W. 121.

■ IV. It is the claim of the appellant that he received an excessive sentence in that he should have received the benefit of the change in the law, which lessened the maximum penalty. It should be kept in mind that this change did not become effective until July 4, 1941, while he was sentenced under the statute in effect on March 24, 1941. Even though there were merit in the appellant's contention, and we do not so hold, he is not now in a position to make complaint. We held in the case of Smith v. Hollowell, 209 Iowa 781, 783, 229 N. W. 191, that a prisoner could not be discharged on habeas corpus on the ground that the sentence was excessive until he had served the period of the sentence that was properly imposed.

Much of the appellant's brief and argument is taken up with complaints as to his inability to obtain the co-operation of the authorities at the state penitentiary in obtaining proper legal references. We do not believe that this is a matter which we can consider on this appeal. We have, however, given careful consideration to the several matters of which the appellant makes complaint and we have concluded that the trial court was correct in denying the writ of habeas corpus and in remanding the petitioner to the custody of the warden of the state penitentiary. We therefore affirm.—Affirmed.

All JUSTICES concur.