STATE OF IOWA, Appellee, v. DONALD GRIMM et al., Appellants.

No. 47282.

(Reported in 35 N. W. 2d 647)

January 11, 1949.

Rehearing Denied March 11, 1949.

Watson & Herrick, of Indianola, for appellants.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Dale Ewalt, County Attorney, for appellee.

Mulroney, J.—The defendants, Donald and Billy Grimm, pleaded guilty to a county attorney's information which charged as follows:

"Comes now Dale Ewalt, as County Attorney of Warren County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses Donald Grimm and Billy Grimm of the crime of Bank Robbery committed as follows:

"And charges that the said Donald Grimm and Billy Grimm, on or about the 6th day of January, A.D., 1948, in the County of Warren and State of Iowa, did rob the Norwalk-Cumming State Bank of Norwalk, Iowa, of the sum of Four Hundred Ninety Dollars in United States currency by holding up the employees thereof at the point of a gun; contrary to statute and against the peace and dignity of the State of Iowa."

When the defendant Billy Grimm first pleaded guilty on January 7, 1948, he was interrogated by the court. He said he had read and fully understood the indictment and that he desired to plead guilty. After his plea the court continued his case for five days and then said to defendant: "I think the court should inform you at this time that on an offense of this kind, either on a plea of guilty or upon conviction, that the penalty is mandatory life imprisonment in the penitentiary." Section

708.9, Code, 1946 is the only statute involving robbery that provides for a maximum life sentence in the penitentiary for the violator. The maximum sentence, under the indeterminate sentence law (section 789.13, Code, 1946) is often spoken of as mandatory. State v. Mikesh, 227 Iowa 640, 288 N. W. 606.

On this same day the court appointed defendants' present counsel to represent them and Billy Grimm was brought back to the courtroom and the attorney asked leave to withdraw Billy Grimm's plea of guilty, stating, in the course of his request for withdrawal, "this is a charge on which a plea of guilty would require a life imprisonment."

There was attached to the information the minutes of testimony of two employees of the bank to the effect that on January 6 at 3:45 p. m. they were working in the bank when the defendant Billy Grimm came into the bank and drew a pistol and pointed it at them and demanded the money be turned over to them. The minutes also show that other witnesses would testify they talked with defendants the night of January 6 and they admitted the robbery of the bank and told the prospective witnesses that Billy entered the bank with the gun with intent to rob the bank while Donald waited outside in the car and after Billy held up the employees he backed out of the bank with the money, keeping his gun pointed at the teller's cage, and got into the car where Donald was waiting and they then drove away.

On January 10, 1948, the defendants, through their appointed counsel, entered a plea of guilty as charged but before sentence the attorney argued to the trial court that the information charged the defendants with the crime of robbery only and did not charge defendants with entering a bank with intent to rob in violation of section 708.9, Code, 1946. The trial court held the information sufficient to charge the violation of section 708.9 and sentenced defendants under that statute. Section 708.9, Code, 1946, provides as follows:

"If any person shall enter or attempt to enter the premises of a bank or trust company or banking association, with intent to hold up and rob any bank or trust company or any banking association, or any person or persons therein, or thought to be

therein, of any money or currency or silver or gold or nickels or pennies or of anything of value belonging to said bank or trust company or banking association, or from any person or persons therein; or shall intimidate, injure, wound, or maim any person therein with intent to commit such holdup or 'stick-up' or robbery, he shall, upon conviction thereof, be imprisoned in the penitentiary at hard labor for life, or for any term not less than ten years."

Section 773.3, Code, 1946, provides that an indictment (or information) is valid and sufficient if it uses the "name given to the offense by statute" or if "it charges the offense * * * by stating so much of the definition of the offense * * * in terms * * * of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged."

Of course it is abundantly clear from this record that the crime "intended" to be charged was a violation of section 708.9 above. Defendants do not argue otherwise. And it is also clear that the court and the defendants knew this before the plea of guilty was entered. Defendants' argument is that the information is insufficient to charge a violation of section 708.9 because it does not use the name given the offense by statute nor does it define the offense in terms of the statute or in terms of substantially the same meaning sufficient to give the accused notice of the intended charge.

I. With respect to the first argument as to the name given the offense defendants point out that the statutory name in the Code is "Entering bank with intent to rob" and the name given the offense in the information is "bank robbery." Section 708.9 is the only statute in the Code dealing with robbery or attempted robbery of a bank or the intimidating of persons in a bank with intent to hold up or rob the bank. Without holding the information sufficient as to the name given the offense we desire to point out that the original name as it appeared in chapter 247, Acts of Thirty-seventh General Assembly, was "Entering, etc., bank with intent to rob." The Code editor has dropped the "etc." This is not very significant but it does have some bearing upon our discussion in the next division

as it indicates other acts besides entering a bank will be sufficient if performed with intent to rob the bank. It is also of some importance to point out the preamble of the original act (chapter 247, Acts of Thirty-seventh General Assembly) states that it is "AN ACT to fix the penalty relating to bank holdups or bank 'stick-ups'."

II.  Defendants' entire argument that the information is insufficient in that it fails to define the offense in terms of the statute or in terms of substantially the same meaning, sufficient to give notice of what offense is intended, is based upon their interpretation that section 708.9 requires a charge of entering a bank with intent to rob. Their argument goes on from this premise to point out the sufficiency of the information to charge robbery under section 711.1.*

Defendants seem to feel that by conceding the sufficiency of the information to charge robbery the case is readily distinguishable from those cases where the argument is that the information is insufficient to charge any crime at all. Somewhat the same argument was made in State v. Costello, 200 Iowa 313, 202 N. W. 212, where, after verdict of guilty, the defendant contended an indictment was sufficient to charge simple assault but insufficient to charge the offense of assault with intent to commit great bodily injury. There we held the objection came too late and was barred under section 777.3, Code, 1946, providing all objections to matters of substance and form which might have been raised by demurrer shall be deemed waived if not raised before the jury is sworn. We do not feel the question as to the sufficiency of the information is in any manner changed because there is, or might be, in the information an inadvertent charge of an offense that was obviously not intended. No unintentional charge in an information will ever support its sufficiency under a statute requiring notice of the offense that is *intended* to be charged. Where the record is clear, as it is here, that an offense under section 708.9 was intended to be charged, the sole inquiry will be as to the sufficiency of the information to charge a violation of that statute. A concession of sufficiency of an ad-

*711.1 Definition—punishment. If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery, and shall be punished according to the aggravation of the offense, as is provided in sections 711.2 and 711.3.

mittedly unintentional charge gives it no life. Suppose it were held robbery with aggravation was sufficiently charged and suppose that crime was punishable in a greater degree than entering a bank, etc. with intent to rob, should we uphold the indictment as sufficient because of the inadvertent charge or would the question be any different? We think not. Without regard to whether or not the information was sufficient inadvertently to charge robbery, the sole and only question in the case is whether this information defined a violation of section 708.9, the crime intended to be charged, in terms of the statute or in terms of substantially the same meaning sufficient to give the court and defendants notice that that was the offense intended to be charged.

Defendants' argument as to the insufficiency of the information is, as stated, based upon their interpretation of section 708.9 as requiring a charge of entering the bank with intent to rob. Such an interpretation gives no consideration to the last part of the statute following the semicolon. The statute starts out "If any person shall enter" etc. and then, following the semicolon, continues "or shall intimidate * * * any person therein with intent to commit such holdup or 'stick-up' or robbery, he shall * * * be imprisoned" etc. The statute defines two ways in which the crime can be committed: (1) entering or attempting to enter the bank premises with intent to rob, or (2) intimidating, injuring, wounding, or maiming any person in the bank with intent to commit a holdup or robbery of a bank. Under the last part of the statute a charge that the defendants intimidated persons in a bank with intent to commit a holdup or a robbery of the bank would be a sufficient charge of a violation of this statute. What does this information charge? "Did rob the * * * bank * * * by holding up the employees thereof at the point of a gun" are the words of the information. This is a sufficient charge under a statute defining the overt criminal act as intimidating persons therein with intent to commit a robbery of a bank. "Holding up * * * at the point of a gun" is certainly the equivalent of intimidating. It was putting the persons in fear by constructive force.

No point can be made that the information charges that

employees were held up and the statute speaks of "any person therein." Such allegations are particulars of an offense. The word "bank" as used in the statute and information means premises, banking room, or bank buildings, as well as the corporate person. It would be the purest quibble to say the indictment is insufficient because it fails to state the bank employees were in the bank at the time they were held up at the point of a gun and the bank robbed. As stated, such allegations are particulars of the offense. Defendants could have made a motion for a bill of particulars under section 773.5, Code, 1946, but of course no such motion would have been granted under the record in this case because "the indictment [information] together with the minutes of the evidence" (section 773.5, Code, 1946) place the employees, who were held up at the point of a gun, in the bank.

We come now to the question as to whether the information charges the employees were "intimidated", and we will substitute "held up" by defendants with intent to rob the bank. The overt act charged in the information is the robbery of the bank by holding up the employees. The overt act described in the statute as here applicable is the holding up of the employees with intent to rob the bank. Obviously there could be no robbery of a bank by holding up the employees without a holding up of the employees with intent to commit a robbery of the bank. There was at least the indirect averment that bank employees were held up with an intent on the part of defendants to rob the bank. Indirect averments are sufficient after verdict. Neufield v. United States, 73 App. D. C. 174, 118 F. 2d 375. See also 42 C. J. S., Indictments and Informations, section 319.

We must admit a charge of holding up the employees in a bank with intent to rob the bank would be sufficient under the statute. Here the information merely goes further and alleges the robbery was consummated. The charge that the bank was robbed by means of holding up the employees includes the overt act condemned in the statute of holding up the employees with intent to rob the bank.

Somewhat the same situation was present in United States v. Spain, D. C. Ill., 32 F. Supp. 28, 30, where the defendant was charged in one count in an indictment with assault of a mail

478

custodian with a deadly weapon, with intent to rob and steal certain mail. The statute (18 U. S. C., section 320) made a twenty-five-year sentence mandatory if in effecting or "attempting to effect such robbery" the accused shall put in jeopardy by the use of a dangerous weapon the life of the custodian assaulted. Upon an attack after verdict the court held the indictment sufficient to support the twenty-five-year sentence, stating that although "the averments could have been more aptly phrased" the indictment charged an offense under section 320, and the court stated: "An assault with intent to rob is more than an attempt to rob. It includes an attempt to rob and in addition all the essentials of an assault."

So, too, it can be said in this case, robbery of a bank by means of holding up the employees is more than holding up the employees therein with intent to rob the bank. It includes the latter and in addition charges the consummation of the robbery.

We said in State v. Bading, 236 Iowa 468, 472, 17 N. W. 2d 804, 807, that "the principal object in an indictment is to apprise defendant of the crime charged." See also 42 C. J. S., Indictments and Informations, sections 312 and 333; People v. Boryszewski, 317 Ill. App. 656, 47 N. E. 2d 343; People v. Buckley, 302 Mich. 12, 4 N. W. 2d 448. The statute (section 773.3, Code, 1946) states the information must be sufficient to convey notice of the *intended* charge—by employing statutory terms or terms of substantially the same meaning. The statute speaks of holdup, stick-up, and intimidating persons in a bank with intent to rob the bank of currency. The information speaks of robbery of the bank of currency accomplished by holding up the bank employees. We think the information, though carelessly drawn, was sufficient under the record to give notice to the court and the defendants that the offense intended to be charged was a violation of section 708.9, Code, 1946. The judgment is affirmed.—Affirmed.

MANTZ, C. J., and HALE, BLISS, OLIVER, SMITH, and HAYS, JJ., concur.