STATE OF IOWA, appellee, v. MARVIN ENGLISH, appellant.

No. 47675.

(Reported in 46 N.W.2d 13)

FEBRUARY 6, 1951.

Charles P. Howard, of Des Moines, for appellant.

Robert L. Larson, Attorney General, Don Hise and Earl R. Shostrom, Assistant Attorneys General, and Donald J. Shirley, County Attorney, for appellee.

THOMPSON, J.—On November 1, 1949, the county attorney of Dallas county filed a True Information against the defendant, the material part of which is herewith set out:

"The said Marvin English on or about the 18th day of September A. D. 1949, in the county of Dallas and state of Iowa, did willfully and unlawfully break and enter the dwelling house of Rupert Bandy, 1919 5th Street, Perry, Iowa, with intent to commit a public offense and after entering said house assaulted

Janice Marie Bandy, age seven, she being duly therein, all contrary to the sections 708.1 and 708.2 of the 1946 Code of Iowa."

On December 31, 1949, the defendant entered his written plea of guilty, as follows:

"I, Marvin English, hereby state that I am the defendant in the above entitled cause of action and that I am informed against in my true name; that I waive appointment of an attorney to defend me; waive formal arraignment; waive time to plead and hereby enter a plea of guilty to the crime charged in the information of breaking and entering a dwelling house in the nighttime with the intent to commit a public offense. I further waive time for sentencing and ask that sentence be pronounced at this time and waive all the regulations in the county attorney's information, and consent that the court have jurisdiction of my person and of said cause of action. I further waive any irregularities by reason of entering this plea in Madison County, Iowa.

"Signed on this 31st day of December, 1949."

On December 31, 1949, the District Court of Dallas County made the following judgment entry:

"Now on this 31st day of December, 1949, and the above entitled matter having come on for hearing on the county attorney's information charging the defendant with breaking and entering a dwelling house with intent to commit a public offense, and the state of Iowa, having appeared by Donald J. Shirley, county attorney, and the defendant, Marvin English, having appeared in person and by his attorney, D. E. Hannon, Perry, Iowa, and the court being duly advised, finds:

"That said defendant, Marvin English, appeared in the above entitled matter in person and stated that he had been informed against in his true name; that he waived formal arraignment; that he waived the appointment of an attorney to defend him; that he entered a plea of guilty to the crime charged in the information; that he further waived time for sentencing and asked that sentence should be pronounced immediately.

"The court further finds that it has complete jurisdiction of the defendant, Marvin English, and of this cause of action, and that sentence should be pronounced immediately.

"IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED BY THE COURT that the defendant, Marvin English, be and hereby is sentenced to the Iowa State Reformatory at Anamosa, Iowa, for a period of not to exceed six (6) years and that he pay the costs of this action."

 Defendant's case is sketchily presented, and he cites no authorities in support of his position. However, this court is required to examine the record without regard to technical defects which do not affect the substantial rights of the parties, and to render such judgment on the record as the law demands. Section 793.18, Code of 1950; State v. Herzoff, 200 Iowa 889, 205 N.W. 500; State v. Dunley, 227 Iowa 1085, 290 N.W. 41.

I. It appears that the basis for the defendant's complaint is that, although the trial court sentenced him to confinement in the reformatory at Anamosa for six years, such sentence under the circumstances existing here actually amounts to, and is interpreted by the authorities, including the warden of the reformatory, as a sentence of life imprisonment. This results from the construction put upon the indeterminate sentence law by this court in Cave v. Haynes, 221 Iowa 1207, 268 N.W. 39. It was there held that the statute providing for a sentence "for life or any term of years" permits only a life sentence, and that any attempt by the sentencing court to fix a term of years is ineffectual and must be held by the custodial authorities to be a sentence for life. The soundness of the decision in the Cave case, supra, is not in issue here; the defendant is faced by an accomplished fact, and unless this court gives him relief he will be held for the term of his natural life, possible intervention by the pardoning or commuting power alone preventing.

The prosecuting and custodial authorities apparently construe the plea entered by the defendant as being to the charge of burglary as an aggravated offense, as defined by sections 708.1 and 708.2 of the Code of 1950. The punishment for this offense is defined by section 708.2 as "life or any term of years." Defendant insists that he pleaded guilty only to the offense of

breaking and entering a dwelling house in the nighttime with intent to commit a public offense; in other words, burglary without aggravation. For this offense the punishment is defined by section 708.3 as an indeterminate period not exceeding twenty years. Defendant contends that the offense to which he pleaded guilty is that outlined in section 708.8, for which the penalty is not to exceed ten years; but in this he is clearly in error.

While it is not clear from the record which sentence the trial court was trying to impose, that is, whether he was sentencing under section 708.2 or 708.3—since the sentence actually pronounced does not conform to either, it is likely, and it is conceded by the State in argument, that he was attempting to extend to the defendant that measure of leniency which the provisions of section 708.2 seem, on their face, to warrant. The court and the county attorney seem to have overlooked Cave v. Haynes, supra. The result is unfortunate for the defendant. The punishment of a wrongdoer should be equal to the measure of his sin, but here it appears to be much greater—much greater, in fact, than the defendant, the court, or the prosecuting attorney expected or thought proper.

It seems evident, however, that if the trial court construed defendant's plea of guilty as being to the major offense charged in the information, that of burglary with aggravation, as the defendant contends and the State in effect concedes, he was in error in so doing. It is true that defendant pleaded guilty to "the crime charged in the information," but this is followed without a break by the words "of breaking and entering a dwelling house in the nighttime with the intent to commit a public offense." Nowhere does the written plea make any reference to that part of the information contained in the words "and after entering said house assaulted Janice Marie Bandy, age seven, she being therein." This latter language was necessary to make the charge an aggravated offense.

It is elemental that an information charges not only the major offense, but any lesser offenses necessarily included therein. It also requires no citation of authority for the proposition that burglary without aggravation is an included offense in the major charge of burglary with aggravation. Defendant had the right to offer to plead guilty to an included offense, which plea

might be accepted by the court if it thought it proper to do so. In effect, defendant here did plead guilty to the included offense of burglary without aggravation, and the court accepted it. The language of the court's sentence bears out this interpretation. The judgment entry recites: "The above entitled matter having come on for hearing on the county attorney's information charging the defendant with breaking and entering a dwelling house with intent to commit a public offense," without any reference to the charge of assault also included in the information. The court's entry, after referring to the crime charged as above set forth, then further says "that he entered a plea of guilty to the crime charged in the information." The court thus refers to the crime charged in the information in terms which constitute only the included offense, and after having done so finds that defendant has pleaded guilty to the crime so charged. Clearly, it seems to us, the defendant pleaded guilty to the included offense and should have been sentenced accordingly.

It is true that, where two crimes are charged, as in separate counts, and a general plea of guilty is entered, there is authority for the proposition that the plea will be construed as applying to the major or higher offense charged. 14 Am. Jur., Criminal Law, section 272; People v. Carr, 255 Ill. 203, 99 N.E. 357, 41 L. R. A., N. S., 1209, Ann. Cas. 1913D 864. It is also true that under some circumstances a general plea of guilty cannot be acted upon by the court where more than one possible crime is included. M'Cauley v. United States, 1 (Morris) Iowa 641; State v. Schuler, 109 Iowa 111, 80 N.W. 213. But none of these is in point. It is from the language of the information and of the written plea of guilty that we must make our determination.

We have also considered State v. Grimm, 240 Iowa 471, 476, 35 N.W.2d 647, 650. Here we held that sentence under section 708.9, Code of 1946—the statute providing punishment by life imprisonment for the offense of entering a bank with the intent to rob—was properly imposed upon a plea of guilty to an information charging that defendant "'did rob the * * * bank * * * by holding up the employees thereof * * *.'" The decision is sound, but does not apply here. We must interpret the language of the information and the plea of guilty thereto, and these seem to point so clearly to the proper decision that there

is no room for construction. We conclude the plea was to the included offense of burglary without aggravation, and that the trial court should have sentenced under section 708.3.

II. It remains to determine how the error in sentence should be remedied. It is said that where the defect pertains to the sentence only, the case will be remanded for correction of the sentence. 3 Am. Jur., Appeal and Error, section 1216; Stevens v. McClaughry, 8 Cir., Kan., 207 F. 18, 51 L. R. A., N. S., 390. We have held that when the sentence is alleged to be excessive only, the defendant's remedy is by habeas corpus when he has served the period properly imposed and is still detained. West v. Lainson, 235 Iowa 734, 17 N.W.2d 411; Smith v. Hollowell, 209 Iowa 781, 783, 229 N.W. 191. But to apply this rule here would work a manifest injustice, since the defendant would for all practical purposes be deprived of his right to the consideration of the board of parole.

The proper procedure seems to be dictated by section 793.18 above referred to, and which is here set out:

"Decision of supreme court. If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it."

In State v. Sayles, 173 Iowa 374, 383, 155 N.W. 837, 840, the defendant was found guilty of murder in the second degree, and was sentenced to imprisonment at hard labor "for an indeterminate period, as provided by law for the crime of murder in the second degree." The penalty prescribed for murder in the second degree was "imprisonment in the penitentiary for life, or for a term not less than ten years." We held that under section 793.18 above set out (then section 5462, Code of 1897), we could fix the proper sentence, and did so.

We accordingly modify the sentence of the Dallas District Court by fixing the sentence of the defendant at imprisonment at hard labor in the Men's Reformatory at Anamosa, Iowa, for an

indeterminate period not exceeding twenty years. This is not an increase of the sentence, but a decrease, since the original sentence is construed as being for life, as has been pointed out. The judgment and sentence of the trial court is in all other respects affirmed.—Modified and affirmed.

All JUSTICES concur except MANTZ, J., not sitting.