STATE OF IOWA, appellant, v. RAYMOND JAMES KOEPPEL, appellee.

No. 49714.

(Reported in 97 N.W.2d 926)

JULY 24, 1959.

Norman A. Erbe, Attorney General, Hugh V. Faulkner, Assistant Attorney General, Martin D. Leir, County Attorney, and Edward N. Wehr, Assistant County Attorney, for appellant.

Walter E. Kroeger, of Davenport, for appellee.

THORNTON, J.—October 16, 1958, a county attorney's information was filed charging defendant with robbery with aggravation in violation of section 711.2 of the 1958 Code of Iowa, the defendant was arraigned on the same day and entered a plea of not guilty. November 4 defendant asked leave to withdraw his plea of not guilty, which leave was granted. Defendant then offered to plead guilty to the lesser and included offense of assault with intent to commit robbery as defined in section 694.7. Over the objection of the assistant county attorney the court accepted such plea and set sentencing for November 14. November 20 the court sentenced defendant as provided in section 694.7 and suspended the sentence pursuant to section 247.20.

The State appeals from the ruling and judgment of the court accepting the plea to the included offense over the objection of the assistant county attorney on November 4, which ruling was entered November 20. We are not favored with a brief and argument on behalf of the defendant.

■ Frequently we entertain appeals by the State presenting legal questions the determination of which will be an aid and guide to trial courts in the future. See section 793.20 of 1958 Code of Iowa; State v. Rasmus (1958) 249 Iowa 1084, 90 N.W.2d 429; State v. Haesemeyer, 248 Iowa 154, 79 N.W.2d 755; State v. Hill, 244 Iowa 405, 57 N.W.2d 58, and citations.

■ The State argues that the trial court has no power to accept a plea to the lesser included offense over the objection of the county attorney. Under the record presented here we think it was error to accept the plea to the lesser offense.

■■ We have before us the abstract of the record and the clerk's transcript. Neither shows any basis for the action of the trial court. The record shows the only fact ascertained by the trial court was that the age of defendant was eighteen at the

time of the offense. If there was power to act at all, the action must be based upon sound judicial discretion. An abuse of discretion is reviewable by this court. Where, as here, the court has no knowledge other than the age of the defendant and accepts a plea over the objection of the county attorney we are compelled to hold such action is an abuse of discretion. We have held in civil cases that a court may not act upon its own knowledge or knowledge gained in a previous case. Van Donselaar v. Van Donselaar (1958) 249 Iowa 504, 87 N.W.2d 311.

As having some bearing see: State v. Powers, 239 Iowa 430, 30 N.W.2d 476; State v. Asbury, 172 Iowa 606, 154 N.W. 915; section 769.26 of the 1958 Code of Iowa; and State v. English, 242 Iowa 248, 46 N.W.2d 13.—Reversed.

All JUSTICES concur.