Anthony Jay Rodgers, appellant, v. John E. Bennett, warden of Iowa State Penitentiary, appellee.

No. 50064.

(Reported in 105 N.W.2d 507)

192

OCTOBER 18, 1960.

REHEARING DENIED NOVEMBER 18, 1960.

Anthony Jay Rodgers, appellant, pro se.

Norman A. Erbe, Attorney General, and Marion R. Neely, Assistant Attorney General, for appellee.

HAYS, J.—On April 12, 1956, the petitioner herein pleaded guilty to a County Attorney's Information charging him with Robbery with Aggravation under section 711.2, Code of 1954. He was sentenced to a term of not to exceed twenty-five years in the State Penitentiary. No appeal was taken.

On March 5, 1960, petitioner filed his petition for a Writ of Habeas Corpus in the Lee District Court seeking his release from the above mentioned sentence. In his petition he alleges the conviction was illegal and that he had been denied due process of law. The basis for such contention is that, while his court appointed attorney had entered a plea of guilty for him, such attorney conspired with the sheriff, county attorney and a member of the State Bureau of Criminal Investigation to keep the true facts from the trial court; that the trial court was incompetent to give him a public trial, thus denying him due process of law. Attached to the petition was a copy of the Information, clearly stating that he was charged with "Robbery with Aggravation"; a request by the defendant, petitioner here, that an Information be filed and that he be taken before the trial court for the purpose of pleading guilty; and a written plea of guilty to the crime as charged, witnessed by his counsel; also, the Court Record, which states that defendant was duly arraigned, advised of his rights and that he stated that he saw no reason why judgment should not be pronounced. The trial court denied his petition for a writ and he appeals. We agree with the trial court.

Section 663.6, Code of 1958, states: "If, from the

showing of the petitioner, the plaintiff would not be entitled to any relief, the court or judge must refuse to allow the writ." It was under this section that the trial court acted. We have held many times that habeas corpus does not supplant an appeal nor provide a forum for the determination of one's innocence or guilt. Mahar v. Lainson, 247 Iowa 297, 72 N.W.2d 516; Mann v. Lainson, 250 Iowa 529, 94 N.W.2d 759. It goes only to the jurisdiction of court to render the judgment in question and, if the writ is to issue, the petition must allege facts which if proved would make a prima-facie showing of no jurisdiction. Here the petition with attached proceedings in the initial action shows in every respect that the rights of the defendant were protected at every stage of the hearing. The keeping of the facts from the trial court as alleged, even if true, would not affect the jurisdiction of the court, but would be an error or irregularity to be corrected on appeal.

█ Furthermore, nowhere in the petition does the petitioner repudiate his written plea of guilty. His cry is that after the plea the court should have heard testimony going to the degree of the crime, i.e., Robbery or Robbery with Aggravation. Even if the judgment pronounced should have been for robbery, section 711.3, Code of 1954, such cannot afford relief to the petitioner until the expiration of the period for which he should have been sentenced. West v. Lainson, 235 Iowa 734, 17 N.W.2d 411.

█ We find no error and the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.