Anthon Jay **RODGERS**, Appellant,

v.

John E. **BENNETT**, Warden, Iowa State Penitentiary, Appellee.

No. 17185.

United States Court of Appeals
Eighth Circuit.

July 23, 1963.

**84**

Anthon Jay Rodgers, pro se.

Evan L. Hultman, Atty. Gen. of State of Iowa, Des Moines, Iowa, for appellee.

Before VOGEL, VAN OOSTERHOUT and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

Appellant, an inmate of the Iowa State Penitentiary, appeals from an order of the District Court dismissing, without a hearing, his petition for writ of habeas corpus allowed to be filed *in forma pauperis*.

In 1956, petitioner was convicted on his plea of guilty entered in the District Court for Kossuth County, Iowa, for the crime·of robbery, with aggravation, and sentenced to serve not more than twenty-five (25) years as provided by Section 711.2, Code of Iowa, I.C.A. No appeal was taken from that judgment and sentence. However, in 1960, appellant filed a petition for writ of habeas corpus in the District Court for Lee County, Iowa, seeking release from his sentence on the same grounds that he alleges as his claim of right to a writ in the case at bar. The State court denied his petition and its decision was affirmed by the Supreme Court of Iowa. Rodgers v. Bennett, Warden, 252 Iowa 191, 105 N.W.2d 507 (1960). Appellant's petition for writ of certiorari filed in the Supreme Court of the United States was denied April 17, 1961, 365 U.S. 884, 81 S.Ct. 1035, 6 L.Ed. 2d 194.

In June 1962, appellant filed another petition for writ of habeas corpus, in the United States District Court for the Southern District of Iowa. That petition was denied without a hearing and without any response being required to be made thereto by appellee. It is from that judgment that appellant prosecutes the instant appeal.

It is not deemed necessary to make a detailed statement of the factual allegations as they appear in the petition for writ of habeas corpus as filed in the case at bar. Suffice to say, the crux thereof is, appellant claims he was coerced and induced to enter a plea of guilty to the charge for which he was sentenced, and is now serving, through fraud and trickery by his court-appointed counsel, acting in collusion with the County Sheriff, County Attorney, and a member of the State Bureau of Criminal Investigation, to get him to enter such a plea, and that his sentencing Court was incompetent to give him a fair and impartial hearing and to pass sentence upon him.

From the written memorandum order filed by the District Court denying appellant's petition for writ of habeas corpus, it appears that that Court did recognize some issues raised by appellant in relation to his claim of incompetency of his

sentencing Court and petitioner's court-appointed counsel, but it found the same to be factually insufficient to support such issue. It considered that matter to be based on mere conclusions, insufficient to rebut the "presumption of competence" afforded such officers of the State Court under the law. Further, that petitioner's allegation "that fraud and trickery was used to induce him to plead guilty" to the charge made against him was not sustained by "facts alleged other than general claims of collusion and ignorance as to what he was signing" at the time he entered his written plea of guilty. From that premise alone the District Court "found that there was no fraud or trickery used in obtaining (his) plea of guilty such as to warrant the granting of a writ of habeas corpus" as here prayed. Hence, it appears that the District Court in the case at bar did more than merely rule that petitioner's application for a writ was insufficient. It, in fact, adjudicated a matter as to which it had heard no evidence.

Appellant's motion to vacate that judgment was subsequently denied. He then filed in the District Court a motion for leave to appeal in forma pauperis which was granted. In so doing, the Court did not in "express terms issue to appellant a certificate of probable cause" as required by Section 2253, Title 28, U.S.C.A. "Since the order granting leave so to appeal would be without any significance except as it was intended to constitute a certificate of probable cause," this Court in its discretion disregarded that irregularity and in the interests of justice treated the certificate of the District Court "as having been so intended and so implied, and the Clerk of this Court (was) accordingly directed to docket this appeal without payment of (the usual) fee." (Order, October 16, 1962, case at bar.)

In the order by which we so acquired jurisdiction of this appeal it was noted:

"Appellant's application for a writ of habeas corpus makes conclusionary allegations which have been expanded into detailed assertions of fact in the brief filed in purported support of (his) application."

However, it appearing that the asserted facts had "not been made the subject of legal responsibility on the part of appellant" through oath made by him and because of the "unusual nature of the statements made," we ordered that this cause be "remanded to the District Court with directions that (it) order appellant to file in that court and have made a part of the record herein an affidavit as to the truth of and appellant's assumption of legal responsibility for all of the statements made in his behalf as intended support for and as an intended part of his application for a writ," reserving jurisdiction "to make disposition of (this) appeal or to enter any further orders therein after such affidavit has been filed and the record has been retransmitted by the Clerk of the District Court to the Clerk of this Court." Subsequent thereto, appellant filed an "Affidavit of Affirmance" under oath in the District Court, stating among other things that "all statements contained in *my* brief attached to and referred to in *my* above identified petition for habeas corpus, and intended as support for and a part of said application for habeas corpus, are true and correct to the best of *my* knowledge and belief." (Emphasis added.) After the filing of such "Affidavit of Affirmance" the District Court re-transmitted the record in the instant appeal to the Clerk of this Court.

In the light of the foregoing, it now appears that the record before us in this appeal is different in form from that considered by the District Court at the time it ruled appellant's petition for writ of habeas corpus. As the record now stands, it reveals that factual matter is stated by appellant in the supporting papers filed by him in relation to his application for writ of habeas corpus, alleging facts which, if true, might entitle him to a writ. For instance, as to the issue of "fraud and trickery" as raised by petitioner, facts are now stated in his supporting papers which he claims induced him to enter a plea of guilty.

The same situation exists in relation to appellant's contention of incompetency of his sentencing Judge and of his Court-appointed Counsel. As a consequence the decision of the District Court, that the "general unsupported assertions" made by appellant in his petition for writ of habeas corpus were insufficient to challenge a presumption of competence of his sentencing Court and Court-appointed Counsel, as well as the District Court's conclusion, that "in light of the fact that (appellant) was represented by counsel and that there are no facts alleged other than general claims of collusion and ignorance," cannot be sustained on the record here.

■ In so stating, we do not, of course, look upon any factual matter set forth in appellant's "brief and argument" which he now has supported by his "Affidavit of Affirmance," as being true or established facts in this case. All that we now say is, that from the foregoing, factual issues do now appear in respect to the general statements made by appellant in his petition for writ of habeas corpus which cannot be ignored, and as the record now stands, this cause must be returned to the District Court for further proceedings.

■ That does not mean the District Court must forthwith hold a hearing on appellant's petition for writ of habeas corpus. It still has the power to deny such petition if it finds a legal basis therefor. The thought we intend to convey is, in the light of recent decisions of the Supreme Court, in Gideon v. Wainwright, Director, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), it would have been the better course for the District Court to have issued a show cause order to respondent; required petitioner to amend his complaint; invited recourse to discovery procedure under the Federal Rules, 28 U.S.C.A.; and take such action as it might deem proper to ascertain the specific facts surrounding the specific condition of which petitioner here complains, so that it might intelligently be informed of the matter on which appellant predicated his right to the writ, before "merely ruling that petitioner's pleading was deficient." Sanders v. United States, supra, 373 U.S. 1, c. 20, 21, 83 S.Ct. l. c. 1079–1080; Bone v. United States, 305 F.2d 772 (8 Cir. 1962), reversed in light of Sanders v. United States, ante.

The judgment of the District Court is reversed and this case is remanded to it for further proceedings consistent with this opinion.