**Raymond L. HAIDER, Petitioner,**

v.

**Ralph H. TAHASH, Warden Minnesota State Prison, Respondent.**

**Civ. No. 3-63-236.**

United States District Court
D. Minnesota,
Third Division.
Aug. 14, 1963.

843,

Raymond L. Haider, pro se.
No appearance for respondent.

DONOVAN, District Judge.

Petitioner makes application in forma pauperis for a writ of habeas corpus. The petition indicates that petitioner has the following record of convictions:

1. In 1943, convicted in Hennepin County, Minnesota, of third-degree burglary.

2. In 1944, convicted in Hennepin County, Minnesota, of using an automobile without the permission of the owner.

3. In 1946, convicted in Hennepin County, Minnesota, of using an automobile without the permission of the owner and as a previous offender (giving the 1943 and 1944 offenses).

4. In 1949, convicted in Hennepin County, Minnesota, of robbery in the first-degree and as a previous offender (the 1943, 1944 and 1946 offenses).

5. In 1962, petition indicates a conviction in February of 1962 and a sentence of two years imposed. Offense and place of conviction are not given.

Petitioner was given an enhanced sentence in 1946 and 1949 because of the prior offenses.

The sentences imposed for the first three convictions have apparently expired. Petitioner objects to the 1949 conviction and sentence. On October 27, 1949, he entered a plea of guilty to an information charging him with the crime of robbery in the first-degree and a plea of guilty to an information charging him with three previous offenses. Petitioner was sentenced to a term of not more than eighty years.

A motion was made in the District Court of Hennepin County to vacate the conviction and sentence of October 27, 1949. The motion was denied on June 21, 1963. This was the only relief sought by petitioner in the State courts.

Petitioner seeks habeas corpus in this Court for the following reasons:

1. His plea of guilty entered October 27, 1949 to the charge of robbery in the first-degree was coerced.

2. The information charging him with robbery in the first-degree was defective in that:
   a. It was not direct and certain;
   b. It included more than one offense;
   c. It was ambiguous.

3. The enhanced punishment imposed on October 27, 1949 was unconstitutional because petitioner twice received enhanced punishment for the same offenses.

4. The information charging previous offenses did not give petitioner notice of the offenses for which he was being charged and the arraignment thereon was inadequate.

Petitioner states that he was convicted in 1962 and sentenced to serve a term of two years. This term will not expire until February 1964. Without a showing that petitioner is entitled to a release prior to that time, this Court cannot issue a writ of habeas corpus. Petitioner does not attack the validity of this conviction and does not indicate that he is entitled to "good time."

The petition also does not show that habeas corpus relief was sought in

844

the State courts. It has been the long-standing policy of the Federal courts to refrain from interfering with the orderly administration of justice in the State courts. The holding of the United States Supreme Court in Fay v. Noia has not changed this policy.[1] In that case the Court stated:

"* * * We hold:

"(1) Federal courts have *power* under the federal habeas statute to grant relief despite the applicant's failure to have pursued a state reme-dy not available to him at the time he applies; * * *

"(2) Noia's failure to appeal was not a failure to exhaust 'the remedies available in the courts of the State' as required by § 2254; that requirement refers only to a failure to exhaust state remedies still open to the applicant at the time he files his application for habeas corpus in the federal court."[2]

If petitioner was coerced into entering a plea of guilty before the trial court, as he alleges, it is my opinion that he should apply to the State court for a writ of habeas corpus which is still open to him. If relief is denied then resort to this Court may follow.

Petitioner has not applied to the State courts for habeas corpus relief. There is no claim that this remedy is not available to him. Title 28 U.S.C.A. § 2254 requires that he seek relief in the State courts first. If habeas corpus is not granted, the proper procedure is appeal to the Supreme Court of Minnesota and ultimately to the United States Supreme Court. This remedy in the State courts is still available and has not been exhausted by petitioner. He must make use of it before he applies to the Federal courts for habeas corpus.[3]

The petition to proceed in forma pauperis is granted insofar as the petition lodged with the Court may be filed without the payment of any fee.

The petition for habeas corpus is denied as premature in this Court.

It is so ordered.

An exception is allowed petitioner.

1. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

2. Fay v. Noia, supra note 1, 372 U.S. at 398, 399, 83 S.Ct. at 826, 827, 9 L.Ed.2d 837.

3. The situation in the case at bar readily distinguishes it from the recent decision of the Eighth Circuit Court of Appeals filed July 23, 1963 in Rodgers v. Bennett, 320 F.2d 83.