Dock Perry GLENN, Appellant,

v.

Dr. P. J. CICCONE, Warden, Appellee.

No. 18418.

United States Court of Appeals
Eighth Circuit.

Dec. 19, 1966.

Dock Perry Glenn, pro se.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges, and REGISTER, District Judge.

PER CURIAM.

This is an appeal from the denial of a writ of habeas corpus to petitioner, Dock Perry Glenn, an inmate of the United States Medical Center. We affirm the District Court's denial of the writ.

In the United States District Court for the Northern District of Florida, petitioner was charged on a two-count indictment with fraud by use of the mails in violation of 18 U.S.C. § 1341. Petitioner pleaded not guilty, was tried before a jury, and found guilty on both counts. On January 25, 1961, the trial court sentenced Glenn to a term of five years on each count, to run concurrently. The

conviction was appealed to the United States Court of Appeals for the Fifth Circuit. Petitioner elected not to commence service of his sentence pending appeal and he was released on bond. On March 7, 1963, the conviction was affirmed by the Fifth Circuit and petitioner was ordered to commence his five-year sentences on July 6, 1963.

Meanwhile, in a separate action, petitioner was indicted again in the United States District Court for the Northern District of Florida. This indictment charged tampering with petit jurors in violation of 18 U.S.C. § 1504. After a hearing in which medical testimony was produced, the Court concluded that petitioner was not mentally competent to stand trial on the jury tampering charges, and pursuant to 18 U.S.C. §§ 4244 and 4246, petitioner was ordered committed to the custody of the Attorney General until the charges were dismissed or until petitioner regained his competency. This order was dated June 19, 1961. Pursuant to this order, petitioner was delivered to the Federal Medical Center on June 24, 1961.

Petitioner is now under the custody of the Attorney General pursuant to both of the above-described Orders and Commitments and is still incarcerated in the United States Medical Center at Springfield, Missouri.

Glenn, the petitioner, filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Missouri, alleging illegality of the § 4246 commitment and unconstitutional treatment at the hands of the prison officials. The District Court (the Honorable William R. Collinson) ordered a hearing on petitioner's allegations. Thereafter, the writ was denied. Petitioner appeals this denial, with leave to proceed *in forma pauperis.*

Petitioner was assessed a five-year sentence by the United States District Court for the Northern District of Florida. By petitioner's own election, this sentence did not commence until July 6, 1963. Therefore, his sentence must run until July 5, 1968. Even if petition-

er were entitled to release on good-time credits (which issue is not present in this case), that release would not come due until March 13, 1967.

■■■ There is no indication that petitioner has attacked his conviction and sentence by seeking relief under the provisions of 28 U.S.C. § 2255. It is axiomatic that a federal prisoner may not collaterally attack his conviction by use of habeas corpus until he has properly sought and been denied relief in the sentencing court, or has shown that a § 2255 proceeding would be inadequate or ineffective. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Burdette v. Settle, 296 F.2d 687 (8 Cir. 1961); 28 U.S.C. § 2255. A District Court has no authority to grant a habeas corpus writ until the other remedies provided by law are properly exhausted. United States, ex rel. Giese v. Chamberlin, 184 F.2d 404 (7 Cir. 1950) aff'd 342 U.S. 845, 72 S.Ct. 72, 96 L.Ed. 638; Weber v. Steele, 185 F.2d 799 (8 Cir. 1950). Because of the failure to exhaust available remedies, petitioner's conviction was not subject to attack in the District Court for the Western District of Missouri. Petitioner is presently being validly detained in the custody of the Attorney General because of his mail fraud conviction and sentence.

■■■ There are two reasons why petitioner has no standing to attack his Title 18, § 4246 commitment in this proceeding. One, as long as petitioner is being validly confined pursuant to a sentence, any defect in a concurrent § 4246 commitment would not make the confinement illegal. We are not saying that there is any defect in the § 4246 commitment, but only that this question is not reached. Habeas corpus is a remedy directed at illegal confinement. Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960). Since petitioner is clearly not entitled to immediate release because of the unserved mail fraud sentence, the District Court correctly reasoned that any questions at this time regarding the § 4246 commitment are moot. McIntosh v. Steele, 184

F.2d 721 (8 Cir. 1950), cert. denied 340 U.S. 921, 71 S.Ct. 353, 95 L.Ed. 665; Wilson v. Gray, 345 F.2d 282 (9 Cir. 1965), cert. denied 382 U.S. 919, 86 S.Ct. 288, 15 L.Ed.2d 234; Haider v. Tahash, 220 F.Supp. 842 (D.Minn.1963).

■ A second reason why habeas corpus could not be used to attack the § 4246 commitment is that a person committed under this section is primarily a ward of the committing court. The committing court has the primary responsibility in determining the prisoner's competency to stand trial. At the time of the commitment the charges of jury tampering were duly filed against petitioner. The petitioner was afforded a competency hearing as provided in the statute. The charges are still pending in the Florida District Court. The Florida Court has periodically been informed of petitioner's mental condition. Under these circumstances, before any habeas corpus relief could even be considered, the petitioner must seek and be denied relief by the committing court. Seelig v. United States, 310 F.2d 243 (8 Cir. 1962). No such relief having been sought in this case, the District Court below could not entertain a petition questioning the validity of the Florida Court's commitment of the petitioner under 18 U.S.C. §§ 4244 and 4246.

■ Although petitioner's numerous *pro se* communications are confusing and incoherent, it appears that he is objecting to his treatment at the Medical Center. Petitioner was granted a hearing below on his allegations. The District Court apparently did not find any unconstitutional action by prison officials in their treatment of petitioner. Absent a factual showing of cruel and unusual punishment in violation of the Eighth Amendment to the Constitution, the courts may not interfere or superintend the treatment and discipline of prisoners. Williams v. Steele, 194 F.2d 32 (8 Cir. 1952), cert. denied 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640; Sutton v. Settle, 302 F.2d 286 (8 Cir. 1962), cert. denied 372 U.S. 930, 83 S.Ct. 876, 9 L.Ed.2d 734.

Petitioner has pointed to no legal basis upon which the District Court should have granted the requested writ. Likewise, petitioner has displayed herein no legal reason why the judgment of the District Court should not be affirmed. We have examined the record in this case and have concluded that the action of the District Court was well considered and entirely proper. Accordingly, judgment is affirmed.