STATE of Iowa, Plaintiff,

v.

**IOWA DISTRICT COURT FOR JACKSON COUNTY,**
Defendant.

No. 90–330.

Supreme Court of Iowa.

Dec. 19, 1990.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Kjas T. Long, County Atty., for plaintiff.

Thomas Peckosh of Peckosh & Lawson, Maquoketa, for defendant.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, NEUMAN, and SNELL, JJ.

SNELL, Justice.

Plaintiff, State of Iowa, brought this original certiorari action to challenge the district court's action in accepting, despite an objection by the prosecutor, a plea of guilty to a charge not set forth in the trial information. We sustain the writ.

On January 26, 1990, a county attorney's trial information was filed charging defendant, Lawrence James Peters, with theft in the third degree, an aggravated misdemeanor, in violation of Iowa Code sections 714.1(6) and 714.2(3) (1989). The charge arose from defendant's passing a series of eight non-sufficient funds checks at a grocery store over a period of about a month. The county attorney, acting within his stat-

utory authority, *see generally* Iowa Code § 331.756 (1989), aggregated the amounts of the eight individual checks which elevated the charge to third degree. Defendant was arraigned on February 5, 1990, and thereafter decided to plead guilty to the charge of third degree theft.

During the guilty plea colloquy, however, the presiding district court judge concluded that a charge of third degree theft was unduly harsh under the circumstances. Therefore, the judge asked the defendant if he would be willing to enter a plea of guilty to a simple misdemeanor charge of fifth degree theft. Not unexpectedly, defendant readily agreed to plead guilty to the lesser charge. Thereafter, over the objection of the county attorney, defendant entered his plea of guilty to the lesser offense. The court imposed a suspended sentence and placed defendant on probation for a period of one year. The State then filed its petition for writ of certiorari to challenge the district court's action.

■ Relief in certiorari is ordinarily limited to questions of jurisdiction or illegality and not for correcting errors at law. *See, e.g., State v. District Court,* 231 N.W.2d 1, 5 (Iowa 1975). However, "courts frequently consider defects and errors in the proceedings of the inferior tribunal which are not strictly of a jurisdictional nature." 14 Am.Jur.2d *Certiorari* § 10, at 786–87 (1964) (footnote omitted) (noting that appellate courts on certiorari may correct incorrect statements of the law by lower courts). *See also City of Sioux City v. Civil Serv. Comm'n,* 247 Iowa 1254, 1257–58, 78 N.W.2d 833, 835 (1956) (court in certiorari action overturned agency order for lack of evidence); *Dalton v. Calhoun County Dist. Court,* 164 Iowa 187, 196, 145 N.W. 498, 502 (1914) (court in certiorari action considered search-and-seizure issue in order requiring production of books).

Furthermore, Iowa Rule of Appellate Procedure 304 states that:

If any case is brought by appeal, certiorari, or discretionary review, and the appellate court is of the opinion that another of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought. Any one of the foregoing remedies may under this rule be treated by the appellate court as the one it deems appropriate.

Therefore, our review is not limited to questions of jurisdiction or illegality, but also includes review for correction of errors at law.

■ The State argues that the district court acted illegally and exceeded its authority by accepting, despite an objection by the county attorney, a plea of guilty to a charge not set forth in the trial information. Under the record presented, it was error for the district court to accept defendant's plea to the lesser offense.

■ In our legal system, prosecutors elected by the public possess broad discretion in charging crimes by trial information. *See* 2 W. LaFave and J. Israel, *Criminal Procedure* § 13.1, at 155–60 (1984); 1 ABA Standards, *The Prosecution Function* § 3–3.4 (1980); *see also* Iowa Code § 331.756; Iowa R.Crim.P. 5; *cf. State v. Perry,* 440 N.W.2d 389, 391–92 (Iowa 1989); *State v. Uebberheim,* 263 N.W.2d 710, 712 (Iowa 1978). We also note that in *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the United States Supreme Court held that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and *what charge to file* or bring before a grand jury, generally rests entirely in his discretion." *Id.* at 364, 98 S.Ct. at 668, 54 L.Ed.2d at 611 (emphasis added).

In *State v. Koeppel,* 250 Iowa 1052, 1053–54, 97 N.W.2d 926, 926 (1959), we reversed a district court judge who, at a plea proceeding, accepted a plea to a lesser-included offense over the objection of the prosecution. In *Koeppel,* we were not able to find any reason from the record for the trial court's action except that the defendant was eighteen. We held the trial court's acceptance of the plea to a lesser offense was an abuse of discretion. In the present case we are not asked to determine a question of discretion. The State asserts

the trial court was without authority to accept defendant's plea. Based on the division of responsibilities between the prosecutor and the trial judge under our legal system, we now hold that the trial judge is without authority to accept, before trial, a plea to a lesser-included offense, over the stated objection of the prosecutor. If the district court did not want to accept the defendant's plea to the charge set forth in the trial information, the matter should have been reset for trial so that the State could present its case.

WRIT SUSTAINED.