STATE OF IOWA v. PATRICK ENRIGHT, Appellant.

**Ravishing Imbecile: Indictment.** An indictment under Code, 3863, prohibiting carnal knowledge of imbeciles, need not aver that the act was done "with force and against the will." (1)

**SAME: EVIDENCE.** Where there is a conflict as to the mental condition of the prosecutrix, aged about fourteen, and her demeanor and testimony on the stand are those of one almost imbecile, a verdict of conviction will not be disturbed on appeal. (4)

**Election by Prosecutor.** The date of the commission of the offense need not be proved as laid, Code, 3863,—and, where the evidence tends to show that the crime was done before the date charged, the state can not be made to proceed as to the acts of one of the dates only. (2)

*Appeal from Howard District Court.*—HON. W. A. HOYT, Judge.

WEDNESDAY, MAY 9, 1894.

THE defendant was convicted in the court below of an assault with intent to commit a rape, and he appeals.—*Affirmed.*

*John McCook* and *Springer & Clary* for appellant.

*John Y. Stone,* Attorney General, and *Thos. A. Cheshire* for the state.

ROTHROCK, J.—I. The charging part of the indictment is in these words: "For that on or about the fourth day of October, A. D. 1891, at and within the county of Howard and state of Iowa, said defendant, Patrick Enright, did willfully, unlawfully, and feloniously ravish and carnally know one Martha Curran, then and there being, the said Martha Curran being then and there a girl of the age of fourteen years, and naturally imbecile and weak in mind, and deficient in

understanding, to such an extent that she did not know or comprehend the nature of the act, and naturally of such imbecility of mind and weakness of body as to prevent her making effectual resistance to said defendant and his unlawful act." The indictment is founded upon section 3863 of the Code, which is as follows: "If any person unlawfully have carnal knowledge of any female by administering to her any substance, or by any other means producing such stupor or imbecility of mind or weakness of body as to prevent effectual resistance, or have such carnal knowledge of an idiot or female naturally of such imbecility of mind or weakness of body as to prevent effectual resistance, he shall, upon conviction, be punished as provided in the section relating to ravishment." It is urged that the indictment is fatally defective because it is an attempt to charge the crime of rape, and does not contain the essential averment that the criminal intercourse was consummated "with force and against the will." It will be observed that the crime charged is set out in the indictment in nearly the exact language of the section of the statute above quoted. That section is supplementary to section 3861, which defines the crime of rape. The punishment is the same, but the crime defined in section 3863 is for the protection of a class of females, who, by reason of mental or bodily infirmity, are incapable of making the resistance required to protect themselves against the force of the ravisher. There is no question in our minds that the indictment is in all respects sufficient.

II. It appears from the evidence that Martha Curran was delivered of a child on the twenty-fourth of April, 1892. According to the usual period of gestation, the child was begotten in the month of July, 1891, when she was but little past fourteen years of age. It is averred in the indictment that the crime charged was committed on or about October 4, 1891,

and there was evidence to the effect that the defendant was at the home of the complaining witness on that day. But it does not appear that he then had sexual intercourse with her. There is no evidence tending to prove that fact. It does appear from the testimony of Martha Curran that the defendant had sexual intercourse with her some time in the summer of 1891. Counsel for the defendant insists that the court erred in refusing to compel the state to elect upon which one of the acts of the defendant a conviction would be claimed. No case was made in the evidence requiring such an election. The only evidence of a criminal act was directed to a period before the month of October, 1891. It is scarcely necessary to repeat here the fundamental rule of law that the date of the commission of a criminal act averred in an indictment need not be proved as laid. The court properly instructed the jury on that question.

III. There was really no question as to the fact of sexual intercourse between the parties. The prosecuting witness so testified, and two other witnesses stated that the defendant admitted to them that such was the fact. To one of them he stated that "he had connection with Martha Curran," and offered to bet a dollar that he had, and to prove it by one Owens. The other witness testified as follows: "I asked him what he was going to do. He said he didn't know; he had one of the Curran girls in a family way. He was under the influence of liquor when he said it. He said he might have to leave. He did not say which of the girls." There is no conflict in the evidence on this fact, and no denial in any way, excepting the plea of not guilty. If the fact of sexual intercourse were the only one involved, there could have been but one result, and that would have been against the defendant.

IV. Other matters are discussed by counsel, which we do not think demand separate consideration.

There is only one real question in the case, and that is whether the jury were warranted in finding from the evidence that the prosecuting witness belonged to the class of females designated in the statutes. The testimony of the witnesses is in hopeless conflict. That of the father and mother of the girl, and one or two neighbors, and that of two physicians who examined her for the purpose of ascertaining her strength of mind, warrant the conclusion that she was by nature afflicted with "such imbecility of mind" as to prevent effectual resistance to an act of the kind charged. On the other hand, quite a large number of witnesses testified· to facts, circumstances, and conclusions which show that she was perfectly sane, and fully equal to average children of her age in mental capacity. Taking the testimony of witnesses on both sides of the question, without more, we would be strongly inclined to reverse the case. But the record shows that the complainant was examined as a witness, and that her examination was quite lengthy. Her answers to questions show that she is almost an imbecile, unless she was feigning imbecility. The learned judge and the jury who tried the case saw and heard her while she was on the witness ·stand, and we can not put ourselves in the place of the judge and jury. Her appearance and demeanor while testifying were most important considerations in determining her mental capacity, and, under the circumstances, we think it is not proper for this court to interfere with the verdict. Another consideration, which, no doubt, had its influence with the court and jury, was that the complainant was a mere child when this calamity came upon her. She was but little past what is known as the "age of consent." If she had been under the age of thirteen years, mere carnal knowledge would have constituted the crime of rape without any evidence of mental weakness or imbecility. The charge of the court to the jury was not open to criticism

or objection.  It was in all respects fair to the defendant, and our conclusion is that the judgment should be and is AFFIRMED.