STATE OF IOWA v. CHARLES AUSTIN, Appellant.

**Criminal Law:** EVIDENCE: *Instructions*   The commission of the crime as defined by Code, section 4758, of unlawfully having carnal knowledge of an idiot or female too imbecile or weak to resist, necessarily includes an attempt to commit it, and hence the attempt is made a crime under section 4772 providing for the punishment in the penitentiary of one who assaults another with intent to commit a felony.

INVASION OF PROVINCE OF JURY.   Instruction held to be.

**Attempts:** *Practice.*   Under Code, section 4772, providing for the punishment of one who assaults another with intent to commit a felony, where the punishment is not otherwise prescribed, the only assault for which one accused of felony may be convicted and punished is an assault with intent to commit the crime specified in the indictment; and under an indictment charging some crime in which such assault is included, where defendant is found guilty of an assault with intent to commit a felony, the verdict should designate the felony he intended to commit.

**Rape Indictment:** DUPLICITY.   It was charged that defendant made an assault with force and violence, wilfully and unlawfully and that he wilfully and unlawfully and feloniously ravished and carnally knew one D. who was an idiot female of such imbecility of mind and weakness of mind and body as to render her incapable of effectual resistance. *Held,* the allegations of force and violence upon an idiot is surplusage (Code 4758), and as rape is not

well charged for the reason that there is no allegation that the assault was against the will of D. or that she was under the age of fifteen (Code 4756), the indictment charges but one offense, unlawful carnal knowledge of a female idiot.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

THURSDAY, OCTOBER 5, 1899.

THE defendant was convicted of "an assault with intent to commit a felony," and, from a judgment which required that he be imprisoned in the state penitentiary at Ft. Madison at hard labor for the term of five years, he appeals.— *Reversed.*

*T. D. Hastie* for appellant.

*Milton Remley,* Attorney General, and *Chas A. Van Vleck* for the State.

ROBINSON, C. J.—The indictment charges that "the said Charles Austin, on the 23d day of September, A. D. 1898, in the county of Polk and in the state of Iowa, did with force and violence, willfully and unlawfully, make an assault in and upon the person and body of one Lavina Diggs, then and there being, and he, the said Charles Austin, did then and there willfully, unlawfully, and feloniously ravish and carnally know the said Lavina Diggs she, the said Lavina Diggs, being then and there an idiot and female human being naturally of such imbecility of mind and weakness of body as to prevent effectual resistance, and incapable of effectually resisting the said Charles Austin in the commission of the crime herein charged."

I. The defendant contends that the indictment is defective in that it charges two offenses,—the crime of rape,

as defined by section 4756 of the Code, and the crime of unlawfully having carnal knowledge of an idiot or female naturally of such imbecility of mind and weakness of body as to prevent effectual resistance, as defined by section 4758 of the Code. We held in *State v. Enright,* 90 Iowa, 520, that it was not necessary that the carnal knowledge should be had with force and against the will of the female in order to constitute the offense prescribed by section 4758; that the provision was designed for the protection of females who, by reason of mental or bodily infirmity, are incapable of making the resistance required to protect themselves against the force of the ravisher. The indictment under consideration charges that the defendant had carnal knowledge of an idiot and female being naturally of such imbecility of mind and weakness of body as to prevent effectual resistance, and that was an offense under section 4758 of the Code. It also charges that the carnal knowledge was accomplished with force and violence, but did not allege that it was against the will of the female, nor that she was under the age of 15 years; therefore an offense under section 4756 was not charged. The allegation of force and violence may be treated as surplusage. We conclude that the indictment is not vulnerable to the objection that it charges two distinct offenses.

II. The sixth paragraph of the charge to the jury contained the following: "You are therefore to inquire, first, whether at the time alleged the defendant did or did not carnally know or have sexual intercourse with the female Lavina Diggs. Some of the facts bearing upon this proposition are not disputed in the evidence, and may therefore be accepted by you as true. It is not disputed that the defendant was at the house in question at the time in question, and that he was there for a time alone with the said Lavina Diggs. It is not disputed that he was found lying on the floor of the bed room upon the person of the said Lavina Diggs, and that the lower limbs and the lower part of

the body of the said Lavina Diggs were bare, the limbs
extended, and that the defendant had his pants unbuttoned or
unfastened down in front so that his shirt at least was
exposed.   *   *   *"   It is true witnesses testified to the
matters set out in the charge, and that no one in direct terms
denied them; but they were not admitted by the defendant,
and he offered testimony which tended to show that they were
improbable.   When found after the alleged offense was com-
mitted, he denied having been in the house where the girl was
lying helpless. He was 65 years of age, and offered testimony
which tended strongly to show that he was impotent and with-
out sexual desires.   There was conflict in some of the testi-
mony for the state, and facts were shown which tended to
discredit some of the witnesses.   In view of these facts, the
court erred in giving the portion of the charge we have set
out.  State v. Lightfoot, 107 Iowa, 344; State v. Desmond,
109 Iowa, 72.

III.   The jury was instructed by various paragraphs
of the charge that the offense alleged in the indictment
included "an assault with intent to commit a felony," and
authorized the jury in certain contingencies to find him
guilty of an assault.   Section 4772 of the Code provides
that, "if any person assault another with intent to commit
any felony or crime punishable by imprisonment in the peni-
tentiary, where the punishment is not otherwise prescribed,
he shall be imprisoned in the penitentiary not more than five
years, or be fined not exceeding five hundred dollars, and
imprisoned in the county jail not more than one year."   The
instructions referred to were no doubt based upon the
section quoted.   The defendant urges that there is no
such offense as "an assault with intent to commit a
felony," but that the section was intended to provide for the
punishment of a person convicted of an assault with intent
to commit a definite, specific crime which is made a felony,
where no punishment is elsewhere provided by law for the
assault.   We think that is true, and that the assault of which,

a defendant accused of a felony may be convicted is an assault with intent to commit the felony specified in the indictment. Following the charge of the court, the jury found the defendant "guilty of the crime of assault with intent to commit a felony;" but what felony he intended to commit is not designated, and can only be inferred. See *State v. Turner,* 19 Iowa, 144, and cases therein cited; *State v Maxwell,* 42 Iowa, 208; *Senterfit v. State* 41 Tex. 186; *Howell v. State,* 10 Tex. App. 298; *Hall v. State,* 31 Fla. 176 (12 South. Rep. 449). We are of the opinion that the jury should have been required to designate in its verdict the specific offense of which it found the defendant guilty.

IV. The defendant contends that the statute does not make an attempt to commit the offense charged in the indictment a felony. Section 5406 of the Code authorized the jury in a criminal case to find a defendant not guilty of the degree of an offense charged in the indictment, and guilty of any degree inferior thereto included in the offense charged, or of an attempt to commit the offense, if punishable by indictment. Section 5407 is as follows: "In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment." The commission of the crime charged by the indictment in this case necessarily includes an attempt to commit it, and section 4772 makes such an attempt a crime. Since the offense charged may be committed without actual force and violence, the cases of *State v. McDevitt,* 69 Iowa, 549, and *State v. McAvoy,* 73 Iowa, 557, relied upon by the defendant, are not in point. They hold that an assault with intent to commit rape does not necessarily include an assault and battery. See, also, *State v. Hutchinson,* 95 Iowa, 566, and *State v. Desmond, supra.* For the errors pointed out, the judgment of the district court is REVERSED.