STATE OF IOWA, Appellee, v. A. M. HERZOFF, Appellant.

**CRIMINAL LAW:  Judgment—Unauthorized Entry—Change by Court.**
1  A provision in a judgment sentence to the county *jail* to the effect that the sentence shall be served in the penitentiary is a nullity, even though the defendant consents thereto; and the court may at the same term, and ·in the absence of the defendant, strike said provision from the judgment entry and change the commitment to a county other than the county of trial.

**CRIMINAL LAW:  Judgment—Illegal Commitment—Service—Effect.**
2  The service by the sheriff of an illegal commitment does not satisfy the judgment.

**COURTS:  Procedure in General—Presumption.**  It will be presumed,
3  in the absence of any counter showing, that the court had 'a legal reason for changing the place of commitment from the county jail of the county of trial to the jail of a foreign county.

  **Headnote 1:**  16 C. J. pp. 1322, 1324, 1330.  **Headnote 2:**  16 C. J. p. 1329 (Anno.)  **Headnote 3:**  17 C. J. pp. 213, 226 (Anno.)

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 27, 1925.

THE defendant entered a written plea of guilty to the crime of assault with intent to commit a felony. From a modification of the judgment entered therein he appeals. The opinion states the essential facts.—*Affirmed.*

*Edward E. Baron,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Lew McDonald,* County Attorney, for appellee.

DE GRAFF, J.—The defendant was indicted by the grand jury of Cherokee County, Iowa, for the crime of carnal knowledge of an imbecile. On the 8th day of December, 1924, the cause was called for trial. The defendant appeared in person and by counsel, and entered a written plea of guilty to the crime of assault with intent to commit a felony, as defined by Section 12933, Code of 1924. This plea recited that the defendant "consents that judgment may be pronounced at this time, and further consents that the punishment be served under this judgment in the state penitentiary at Fort Madison, Iowa."

1. CRIMINAL LAW: judgment: unauthorized entry: change by court.

This court is not concerned, under the instant record, with the reasons given for the acceptance in terms of the plea aforesaid. Judgment was entered on the plea, and the defendant was committed to the county jail for a period of one year, and fined in the sum of $500, and in default of the payment of said fine, was to be committed to the county jail for a period of 150 days. The judgment entry further recites:

"That by consent of the said defendant, made in open court, the said sentence shall be*served by the said defendant in the state penitentiary of Iowa, located at Fort Madison."

On the same date, a mittimus issued, and the defendant, Herzoff, was taken to the penitentiary at Fort Madison and delivered to the warden of said penitentiary. Upon his arrival there, the defendant was placed in the receiving cell, but was not accepted by the warden as an inmate of the institution, for the reason that no proper or legal warrant of commitment accompanied the defendant. The county attorney of Cherokee County, Iowa, was notified of the situation by the warden, and

thereupon the matter was called to the attention of the trial judge. On December 18, 1924, and at the same term of court, but in the absence of the defendant, the judge interlineated the order of commitment, as recited in the judgment, by striking all reference to the consent of the defendant and his confinement in the state penitentiary, and then and there ordered that the defendant should serve the prescribed sentence of one year in the county jail at Fort Dodge, Webster County, Iowa. Upon the judgment as corrected and modified, the defendant predicates his appeal.

It is to be observed that all the proceedings antecedent to the judgment were regular, and that no exception was taken. Furthermore, the penalty imposed was such as the court had power to impose for the crime embraced in the plea of the defendant. The recital in the judgment relative to the consent and preference of the defendant to stand committed to the state penitentiary for the prescribed sentence, in lieu of confinement in the county jail, is a nullity, and was properly expunged.

A court controls its own records, and may correct an error during the same term. Section 10801, Code of 1924. See, also, *State v. Dougherty*, 70 Iowa 439; 8 Ruling Case Law 237, 239.

The delivery of the prisoner to the warden of the state penitentiary did not constitute a legal execution of the judgment. It must be viewed as the voluntary act of the defendant, and the refusal of the warden to recognize the mittimus was clearly justified.

2. CRIMINAL LAW: judgment: illegal commitment: service: effect.

The trial court, however, having expunged this nugatory matter from the judgment, otherwise regular in form and in conformity to the statute, changed the place of confinement of the defendant from the county jail of Cherokee County to the county jail of Webster County. The occasion for making this change is not disclosed.

A district court may order a prisoner to be committed to the jail of another county, under the provisions of Section 13965, Code of 1924. We will presume, in the absence of a contrary showing, the regularity of court proceedings, and in the instant case, that a reason existed, within the purview of the statute, for changing the order as to the place of confinement. Furthermore, the ap-

3. COURTS: procedure in general: presumption.

pellant is not in a position to complain in this particular. The record before us discloses that counsel for the defendant "consented at that time and place that the said record stand without any exceptions," and his counsel, on oral argument in this court, expressed a desire that the amended order as to the place of confinement be sustained.

There is nothing in this case that warrants a reversal, as it would only affect the sentence, and would leave all antecedent proceedings in full force and effect. The defendant is not entitled to a new trial, nor is a remand necessary for entry of judgment.

The administration of criminal law and the enforcement of prescribed penalties are the subjects of frequent comment in this modern age. We refuse to accept or indorse mere legal technicality whose ultimate purpose is to permit a law violator to escape punishment. Our legislature has wisely written that, upon an appeal by a defendant in a criminal case, this court must examine the record, without regard to technical errors or defects, and render such judgment as the law demands. Section 14010, Code of 1924. This we have done, and this we do.

The modified judgment of the trial court is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.