STATE OF IOWA, Appellee, v. DALE BOWERS, Appellant.

No. 39898.

OCTOBER 22, 1929.

*McCulla & McCulla,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

EVANS, J.—I. At the outset, the appellee challenges the sufficiency of appellant's grounds of reversal. They are as follows:

"1. The court erred in admission of testimony.

"2. The verdict of the jury was the result of passion and prejudice."

The challenge is clearly good. Because the case is a criminal prosecution, and its result is necessarily serious to the defendant, we have, nevertheless, read the entire record, including the argument of the defendant's counsel.

As the background of the case, it appears that, at 4 o'clock on Sunday morning, October 14, 1928, one Ballard and his wife were awakened by disturbing noises at their back door. Ballard arose, and went thereto, and found the defendant there, apparently intoxicated. He was trying to open the screen door, and had torn some of the strips therefrom. Ballard ordered him to depart, but without success. He thereupon called a police officer, who took the defendant in charge. On Monday morning, October 15th, he was prosecuted for disturbing the peace, the information being signed by Ballard. Later on the same day, the defendant signed an information charging Ballard with maintaining a liquor nuisance. Upon such information, a search warrant was issued, and nothing further was done until an investigation was had before the grand jury, in November following. Before the grand jury Bowers appeared, and testified that, on the eve of October 13, 1928, he had purchased a bottle of intoxicating liquor from Ballard. This is the testimony upon which the indictment was predicated. At the trial, the defendant testified to the same effect as before the grand jury. No apparent effort was made to sustain the truth of the testimony, its falsity having been strongly supported by the evidence of the State. We find no basis in the record for saying that the verdict was the result of passion or prejudice.

II. The emphasis of defendant's argument is directed to certain cross-examination of one of defendant's witnesses, who was the sheriff of the county. To get the force of the objection, we set forth herein both the direct and the cross-examination of such witness:

"I am the sheriff of Cherokee County, Iowa, and was sheriff

on the 15th day of October, 1928. On or about that date, had a search warrant in my possession for searching the premises of L. A. Ballard. It was delivered to me as sheriff. I did not make a return on that search warrant.

"Cross-examination by Mr. Rodman.

"We had a search warrant, but it was not signed by the justice of the peace. We had an information. (Paper here marked Exhibit G.) Exhibit G is the information that I refer to. It purports to have been signed by Dale Bowers, before William Mulvancy. Information was not marked 'filed' by justice of the peace. Q. Then I will again ask you if you had a search warrant.

"By Mr. McCulla: That is objected to as having been asked and answered.

"By the Court: Overruled. (The defendant excepts.)

"A. It was a search warrant, made out at that time. Q. I believe, Mr. Sangwin, you stated, in answer to a question propounded by counsel,—I have this note,—'no search was made of the premises.' Is that a fact?

"By Mr. Walter McCulla: That is objected to, as improper cross-examination. There was no question asked this witness on that point.

"By the Court: Overruled. (The defendant excepts.)

"A. We went down to the place, but we didn't make a search. Q. Why didn't you?

"By Mr. Walter McCulla: That is objected to as incompetent, immaterial, and irrelevant, and not proper cross-examination.

"By the Court: Overruled. (The defendant excepts.)

"A. Because we knew there was no use. We knew there would be nothing there. Q. You knew no liquor would be found on the premises? A. Yes, sir.

"By Mr. Walter McCulla: We move to strike the answer out as a conclusion of the witness, and not a statement of fact, and not responsive to the question asked.

"By the Court: Overruled. (The defendant excepts.)"

It is argued that the cross-examination was improper, as such, and that the testimony adduced was incompetent and immaterial, and involved mere conclusions of the witness. It may

be conceded that the testimony adduced was incompetent, immaterial, and irrelevant. If such, the testimony adduced in direct examination was objectionable upon the same grounds. The cross-examination was proper in the sense that it was germane to the direct examination. If the subject-matter of it were improper, yet the direct examination was responsible for that. The purport of the direct examination was to show an outstanding search warrant directed against Ballard's premises. The apparent purpose of such evidence was to invite the inference that intoxicating liquor would be found thereon if search were made. The defendant was not entitled to prove such fact, if such, by such evidence. The cross-examination was germane to the subject and to the purpose of the direct evidence, and did no more than to negative the inference which the defendant sought to draw therefrom. The defendant, therefore, is in no position to complain of the evidence as prejudicial. We find no other feature of the record which fairly calls for discussion.

The judgment below is, accordingly,—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.