STATE OF IOWA, appellee, v. HOMER BLAINE WAGONER, JR., appellant.

No. 48827.

(Reported in 74 N.W.2d 246)

JANUARY 10, 1956.

462

Dickens & Mickelson, of Toledo, for appellant.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Keith Mossman, of Vinton, County Attorney, Benton County, for appellee.

OLIVER, J.—This is an appeal from the judgment in a criminal case. The indictment states the grand jurors "accuse Homer Blaine Wagoner, Jr., of the crime of Assault with intent to Commit a Felony and charge that the said Homer Blaine Wagoner, Jr., * * * did assault Jacqueline Mae Miller, on or about * * *, with intent to commit a felony contrary to and in violation of section 694.5 of the 1954 Code of Iowa." Defendant had testified before the grand jury that he had been drinking and did not recall what had happened upon the occasion in question. After the indictment was returned he appeared in open court with attorneys retained by him and pleaded he was guilty of the offense charged therein. Thereupon judgment was rendered finding defendant guilty of the offense charged. He waived time and asked immediate sentence but the court continued the case five days for sentence. At the time fixed defendant again appeared in person and by his attorneys and the court adjudged that he be imprisoned in the penitentiary not more than five years. Thereafter defendant filed motion in arrest of judgment. This was overruled and defendant has appealed.

Section 694.5, Code of Iowa, 1954, provides: "If any person assault another with intent to commit any felony * * * where the punishment is not otherwise prescribed, he shall be imprisoned * * *."

The indictment charges merely that defendant assaulted Jacqueline, "with intent to commit a felony", without specifying what felony he intended to commit. Appellant contends there is no such statutory offense as assault with intent to commit a felony and hence the indictment is not merely defective, but fails to charge any specific offense, and is void.

He relies largely upon State v. Austin (1899), 109 Iowa 118, 121, 122, 80 N.W. 303, in which the only offense charged in the indictment was carnal knowledge of an imbecile, and the jury found defendant guilty of assault with intent to commit a felony

(as an included offense) without designating what felony. This court reversed, stating the only assault of which a defendant accused of a felony might be convicted (as an included offense) was an assault to commit the felony charged in the indictment.

In State v. Herzoff, 200 Iowa 889, 205 N.W. 500, there was an indictment for carnal knowledge of an imbecile and judgment upon a plea of guilty to the crime of assault with intent to commit a felony. In affirming, the court observed that all the proceedings antecedent to the judgment were regular and no exception was taken.

Neither of the foregoing decisions directly involved the validity of the indictment. Nor has our attention been called to any decision directly in point. However, in 1929, chapter 266, Laws of Thirty-third General Assembly, frequently called the "Short Indictment Act" was enacted. As its name indicates, it provides for short indictments. In that connection a protection is afforded defendants by sections 4 and 5 of the chapter, now sections 773.5 and 773.6, Code of Iowa, 1954. Section 773.5 provides, in part, that when an indictment with the minutes of the evidence fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the constitution of this state, he may request a bill of particulars. Section 773.6 states, if it appears from such bill that the particulars furnished do not constitute the offense charged, etc., the court on motion of the defendant shall set aside the indictment, etc. See State v. Powers, 239 Iowa 430, 433 to 436, 30 N.W.2d 476, and citations; State v. Engler, 217 Iowa 138, 145 to 147, 251 N.W. 88. No request for a bill of particulars was ever made in this case.

One of the permissible forms of indictment listed in section 33 of the Short Indictment Act, now section 773.34, Code of 1954, is: "A. B. attempted to break and enter the dwelling of C. D. *with intent to commit a public offense* * * *." (Italics supplied.) In view of express statutory approval of the language, "with intent to commit a public offense", we cannot agree that similar language, "with intent to commit a felony", in an indictment returned under Code section 694.5, renders such indictment insufficient to charge an offense.

464

The decision in State v. Austin, supra, 109 Iowa 118, 121, 80 N.W. 303, 304, is correct, but a concession therein, "there is no such offense as 'an assault with intent to commit a felony'" is not a correct statement of the law under statutes now in effect.

We hold the indictment in the case at bar does charge an offense.

II. Code section 777.3 provides objections to the substance and form of the indictment are waived if not raised by demurrer before the jury is sworn. No demurrer was filed by appellant. He first questioned the sufficiency of the indictment and the procedure thereunder, by motion in arrest of judgment, made after judgment had been rendered against him. The language of section 777.3 is clear and this court has frequently held such objections are waived if not raised in the manner and within the time required by the statutes. State v. Woodson, 244 Iowa 1262, 1267, 59 N.W.2d 556, and citations.

Code section 788.1 defines motion in arrest of judgment. Decisions under this statute, as amended in 1929, hold such motion cannot properly be based upon grounds which would be grounds for demurrer. Otherwise stated, the waiver provisions of section 777.3 are applicable to motions in arrest of judgment. State v. Bading, 236 Iowa 468, 472, 17 N.W.2d 804, 807; State v. Phillips, 212 Iowa 1332, 1334, 236 N.W. 104, and citations; State v. Bostwick, 244 Iowa 584, 588, 57 N.W.2d 217.

Appellant contends he could not waive his right to be further informed of the particulars of the charge against him because such right is fundamental and is guaranteed by provisions of section 10 of Article I of the Constitution of Iowa, that in all criminal cases the accused shall have the right to be informed of the accusation against him. As already stated, appellant did not request a bill of particulars which Code section 773.5 provides for when the indictment fails to give the accused such information as he is entitled to under the constitution of this state. This language of section 773.5 has reference to the provision of section 10 of Article I of the Constitution of Iowa, upon which appellant now relies.

Appellant's contention he could not waive provisions of

section 10 of Article I of the Constitution of Iowa is not meritorious. State v. Rowley, 198 Iowa 613, 615, 198 N.W. 37, 38, 199 N.W. 369, holds to the contrary. The decision states: "This provision is for the benefit of an accused person who claims its protection. It may be waived by him." The court states in State v. Sereg, 229 Iowa 1105, 1116, 296 N.W. 231, 236: "Sections 10 and 11 of Article I of the Constitution of Iowa provide for certain rights which are guaranteed to the accused, and yet this court has held that he may waive them." Reference was then made to a number of such decisions. There are similar holdings in State v. Berg, 237 Iowa 356, 360, 361, 21 N.W.2d 777, 779, 780, and in Lamb v. Davis, 244 Iowa 231, 236, 56 N.W.2d 481, 483. It is clear appellant could and did waive any right he may have had to assail the substance and form of the indictment.— Affirmed.

All JUSTICES concur.