STATE OF IOWA, appellant, v. BOYD RASMUS, appellee.

No. 49456.

(Reported in 90 N.W.2d 429)

JUNE 3, 1958.

Norman A. Erbe, Attorney General, Freeman H. Forrest, Assistant Attorney General, and James L. McDonald, of Cherokee, County Attorney, for appellant.

Miller, Miller & Miller and Nelson & Nelson, all of Cherokee, for appellee.

GARFIELD, J.—Upon this appeal by the State we are asked to review the trial court's ruling that the indictment charging defendant with manslaughter, contrary to section 690.10, Code of 1954, did not charge an offense under the laws of Iowa. The court evidently thought there is no crime of manslaughter in Iowa except perhaps as an included offense in murder.

The ruling the State now assails came about in this way. Defendant was indicted for the crime of manslaughter in driving a motor vehicle in such a wanton and reckless manner as to unlawfully take the life of Roger Perrin, contrary to section 690.10, Code of 1954. Attached to the indictment are minutes of testimony of several witnesses, one of whom states he was a passenger, with Perrin, in the automobile driven by defendant at the time of the fatal accident and it approached the curve where it left the roadway at a speed of about 100 miles per hour.

Trial commenced at 10 a. m., September 16, 1957. At 1:30 p.m. in the Judge's chambers defendant's counsel orally moved to quash the indictment on the ground, in substance, there is no crime of manslaughter in Iowa other than as a possible included offense in murder. The county attorney announced "No resistance." The court then ruled, "The motion will be sustained." Thereupon the county attorney orally moved the court to enter

an information charging defendant with reckless driving as set out in Code section 321.283.

Defendant's counsel agreeably consented to this informal method of charging reckless driving, pleaded defendant was guilty of 'the charge and asked that sentence be immediately pronounced. The court obliged by pronouncing sentence suspending defendant's driver's license for one year and requiring him to pay the costs of the action. The State's appeal is from the judgment reciting the ruling on the motion to quash the indictment for manslaughter, the oral charge of reckless driving, the plea and sentence therefor. As indicated, however, the State's sole complaint here is against the ruling on the motion to quash the manslaughter indictment to which the county attorney announced there was no resistance.

Code section 793.20 provides: "If the state appeals, the supreme court * * * shall point out any error in the proceedings * * * and its decision shall be obligatory as law." Under this statute we have frequently entertained an appeal by the State where it presented questions of law, the determination of which will be beneficial, or a guide, to trial courts in the future. State v. Haesemeyer, 248 Iowa 154, 157, 79 N.W.2d 755, 757, and citation; State v. Little, 210 Iowa 371, 375, 228 N.W. 67. See also State v. Wickett, 230 Iowa 1182, 1185, 1186, 300 N.W. 268, 269, 270, and citations.

It appears the State would be entitled, upon this appeal from the final judgment, to review the dismissal of the manslaughter indictment if it were not for the obvious fact it consented to the ruling. Certainly defendant could not complain of a ruling he asked the court to make. And it seems the State is in no better position in this regard than is defendant, since it invited the ruling.

24 C. J. S., Criminal Law, section 1842, thus states the general rule: "A party to a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error * * * in which he himself acquiesced, or which was committed or invited by him, or was the natural consequence of his own actions."

We have frequently applied this rule in appeals by an accused. Such precedents include State v. Beckwith, 243 Iowa

841, 845, 53 N.W.2d 867, 869; State v. Mutch, 218 Iowa 1176, 1181, 1182, 255 N.W. 643; State v. Bowers, 208 Iowa 1321, 227 N.W. 124; State v. Herzoff, 200 Iowa 889, 205 N.W. 500.

■ ■ We have frequently gone a step further and refused to review, on a defendant's appeal, the admission of evidence in the absence of timely objection thereto. State v. Ostby, 203 Iowa 333, 342, 343, 210 N.W. 934, 212 N.W. 550, and citations; State v. Mauch, 236 Iowa 217, 225, 17 N.W.2d 536, 540. Also instructions to the jury are not ordinarily reviewed on defendant's appeal in the absence of proper objection in the trial court. State v. Ryerson, 247 Iowa 385, 391, 73 N.W.2d 757, 761, 55 A.L.R.2d 1190, and citations.

■ Our search—defendant has filed no brief—reveals no instance in which we have applied any of the above rules in an appeal by the State. (Of course most criminal cases are appealed by the accused.) But we see no logical or sound basis for not applying the fundamental rules to which we have referred, especially the general rule quoted from C.J.S., to an appeal by the State.

Accordingly we must decline to review the ruling of which the State now complains on the ground it was entered with consent of the State acting through the county attorney who prosecuted the case. Obviously this should not be taken as an approval of the ruling.

We deem it proper to suggest that the practice of disposing of an indictment, especially growing out of the death of a person, upon which a trial was then in progress, in the seclusion of the judge's chambers is not to be commended. We think the motion to quash the indictment should have been made and the subsequent proceedings had in the courtroom so those who cared to might see and hear what transpired.—Appeal dismissed.

All JUSTICES concur except SMITH, J., not sitting.