**STATE of Iowa, Appellee,**

**v.**

**Benjamin Eugene BATCHELOR, Appellant.**

**No. 54201.**

Supreme Court of Iowa.

Oct. 13, 1970.

Rehearing Denied Nov. 9, 1970.

Alanson K. Elgar, Mount Pleasant, for appellant.

Richard C. Turner, Atty. Gen., and Max A. Gors, Asst. Atty. Gen., and James L. Morrison, County Atty., Mount Pleasant, for appellee.

UHLENHOPP, Justice.

The question in this appeal is whether the minutes of testimony attached to a county attorney's information are to be considered in ruling on a demurrer to the information.

On December 5, 1969, this information was filed:

"Comes now James L. Morrison as County Attorney of Henry County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses Benjamin Eugene Batchelor of the crime of larceny of a motor vehicle committed as follows:

"The said Benjamin Eugene Batchelor on or about the 23rd day of November, A. D. 1969, in the County of Henry and State of Iowa, did take, steal and carry away a motor vehicle belonging to New London Farmers Co-op., New London, Iowa, contrary to Section 321.82, 1966 Code of Iowa as amended."

The names and minutes of testimony of two witnesses were attached to the information: the manager of the cooperative in question, who would testify that the cooperative's truck was parked near the cooperative's place of business and was subsequently missing although no one had authority to take it; and a police officer, who would testify that he stopped the truck with Robert Roy Lynch driving the vehicle and defendant riding in it, but, while he was occupied with another motorist, the truck was quickly turned down a side street and abandoned.

Defendant demurred to the information on the ground the minutes did not support the allegation in the information that defendant "did take, steal and carry away a motor vehicle". The trial court overruled the demurrer.

Notwithstanding the ruling on the demurrer, the county attorney gave notice of additional testimony. He added as a witness the superintendent of the Iowa Mental Health Institute at Mount Pleasant, who would testify that defendant and Lynch were patients in the Institute on November 23, 1969, and escaped that day. The county attorney also amended the testimony of the police officer, who would testify in addition that defendant told him defendant and Lynch worked for the cooperative in question and were on their way to Peoria, Illinois, to pick up parts.

With the minutes of testimony thus enlarged, defendant pled guilty to the charge. A report before the trial court at the time disclosed that defendant is not psychotic. He had been in the Mental Health Institute for examination and report in connection with a criminal charge in another county. Defendant's plea to the present charge was accepted and he was sentenced. He now appeals.

Defendant's sole contention on appeal is that his demurrer to the information with the original minutes of testimony should have been sustained because the minutes were insufficient.

We cannot uphold defendant's contention. The information was proper on its face and is so judged on demurrer. Code, 1966, § 777.2 (demurrer permitted to indictment or information for defect which appears "upon its face"); State v. Di Pag-

lia, 247 Iowa 79, 71 N.W.2d 601; State v. Finnegan, 244 Iowa 166, 55 N.W.2d 223. Requiring a trial court to comb through the minutes of testimony when a demurrer is interposed would be directly contrary to the purpose of the short form of indictment act. See Perkins, The Short Form of Indictment, 14 Iowa L.Rev. 129, 131–33.

The statutory scheme in a situation like this is manifest from other provisions of the Code. Section 773.6 permits a defendant to move for a bill of particulars. Section 773.7 then provides, "If it appears from the bill of particulars furnished * * * that the particulars do not constitute the offense charged * * * the court may and on motion of defendant shall set aside the indictment unless the county attorney shall furnish another bill of particulars * * *." See State v. Wagoner, 247 Iowa 461, 463, 74 N.W.2d 246, 247. Defendant did not proceed under these provisions.

We do not reach the question of whether defendant is in a position to complain about the insufficiency of the original minutes after notice of additional testimony was given or after a plea of guilty.

Affirmed.

All Justices concur.