# IN THE COURT OF APPEALS OF IOWA

No. 24-0181
Filed April 9, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**BILLY D. WILLIAMS DOTSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

A criminal defendant appeals his discretionary sentence, claiming the prosecutor breached the plea agreement. **AFFIRMED.**

Shea M. Chapin of The Chapin Center, PLC, Dubuque, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Billy Dotson appeals from the consecutive sentence imposed on one of his convictions at a joint sentencing hearing concerning multiple case numbers. Dotson claims the prosecutor breached the plea agreement because the recommendation to run the sentence for multiple counts in another case consecutively allegedly undermined the recommendation to run the sentence in this case concurrently. We normally don't spend a lot of time talking about separate case numbers in appellate opinions, but here the particulars of what happened in each case matter. After spending some time reviewing the role each case number played in this joint sentencing proceeding, we affirm.

## I.       Background Facts and Proceedings

In FECR150717, Dotson was charged with four sex offenses as a habitual offender for soliciting sex acts from his then-girlfriend's six-year-old child. Following motion practice on some evidentiary issues, Dotson pled guilty in this case number to a single count of lascivious acts with a child by soliciting, a class "D" felony in violation of Iowa Code section 709.8(1)(d) (2022). In exchange for the plea, the State agreed to dismiss the other three counts (other sex offenses) and to not pursue the habitual-offender sentencing enhancement, as well as recommend the five-year prison sentence on the FECR150717 conviction run "concurrently to the defendant's other pending case." In taking the plea, the plea judge emphasized to Dotson that another judge would conduct the sentencing and the recommendation for concurrent sentences would not be binding on the court.

FECR150313—the "other pending case" referred to in the recommendation—involved convictions for third-degree sexual abuse, attempted

second-degree burglary, and assault with intent to commit sexual abuse, which we affirm today by separate opinion. *See State v. Dotson*, No. 24-0180, 2025 WL _____ (Iowa Ct. App. Apr. 9, 2025). FECR150313 involved an entirely different victim and factual circumstances than FECR150717.

A joint sentencing was held for both cases by agreement of the parties. They agreed on the order of operations: the State's recommendation on both cases, then Dotson's recommendation on both cases, then Dotson's allocution on both cases, then the victim impact statements in both cases, and then the court would impose sentence on both cases.

The assistant county attorney argued for an aggregate seventeen-year prison sentence, with all of the counts in FECR150313 consecutive to each other and concurrent to the sole count in FECR150717. He emphasized the nature of the offense, Dotson's criminal history, the victim impact statement, and the danger to the community as aggravating factors justifying the consecutive sentences in FECR150313. The court asked for more detail on the concurrent-sentence recommendation for FECR150717, and the assistant county attorney explained:

> The recommendation for the sentence in FECR150717 to be concurrent to the other case is based primarily upon Mr. Dotson's willingness to accept responsibility for that charge and plead guilty but also seek rehabilitation and avoid having to have a young victim come testify in that case. So we took that into consideration in making that recommendation.

Dotson's attorney urged the court to run all counts concurrently across the two case numbers. He emphasized that all of the FECR150313 counts were at least somewhat factually related to each other, and for FECR150717 he reprised the State's argument that Dotson had accepted responsibility and that the child

victim would be spared a "stressful and traumatic" trial. In his view, these mitigating factors warranted concurrent sentences.

The presentence investigation report (PSI) recommended consecutive sentences "[d]ue to [Dotson's] violent nature, as well as his complete lack of accountability for his actions." The PSI writer emphasized that Dotson "needs to be held accountable for his criminal behavior" because he presented "a significant risk to reoffend."

In allocution, Dotson purported to "forgive" the victim in FECR150313. It's not entirely clear if Dotson allocuted in specific reference to FECR150717, but he did make several statements about being "old enough to know what [he's] doing" and that what he had with the victim and her mother was "real" in his mind.

The court received a victim impact statement from the child victim and her mother in FECR150717. The child's statement expressed confusion as to how someone she saw as her "daddy" would "hurt [her] like that." The mother's statement expressed her regret over allowing Dotson into their lives because he turned out to be "a predator and a pedophile," and she described the traumatic impact the abuse had on her daughter. The adult victim in FECR150313 appeared in person and told the court that she struggled to trust people and form relationships as a consequence of Dotson abusing her, that she would have lifelong trauma, and that she wanted the court to impose the maximum sentence "to protect not only [her] but in the future innocent people from becoming his victim."

The court ultimately declined to follow either party's sentencing recommendation and ran all counts in both case numbers consecutive, for a total of twenty-two years in prison, based on the following rationale:

> All right. I've now had an opportunity to take into account the [PSI] recommendation, the arguments of counsel, the allocution and the victim impact statements, so there's been a lot of material to digest. I am familiar with the facts of the case in FECR150313 in particular having been the presiding trial judge in that case and having been present for the testimony. FECR150717 is a cold case for me because that's a case in which defendant entered a plea. I'm only familiar with that case through the pleadings and the allegations.
>
> There are numerous counts and allegations in both cases that were either not proven or were dismissed or defendant did not admit to. There were references I think to some of those counts, some of those allegations in the victims' impact statements. I want to make it very clear that none of my decisions are based on the fact that those allegations were made or what might have happened. The fact is they aren't proven, they aren't before me and they are not a factor in my decision. I'm only deciding the charges that were proven or admitted to by defendant.
>
> These are completely unrelated cases. They come before me today only because there was an agreement by the State to make a recommendation that was related to this case, but it is a little unusual having two separate cases to have to deal with and address, and it makes the analysis a little bit more complex.
>
> The overarching similarity between the cases is that they both involve vile conduct. I mean, I don't know how else to describe it. One involves a child, one involves a grown woman, and both cases the allegations of which defendant has admitted to with regard to the child and been found guilty of with regard to [the victim in FECR150313]. Both demonstrate that he's a dangerous person. This is just dangerous conduct that damaged two people seriously, deeply, permanently. And, you know, to listen to the allocution, I think Mr. Dotson twice said that he forgives [the victim in FECR150313]. I'm not sure what he has to forgive her for. I think he's got it a bit backwards, and I don't think—I'm not sure any amount of apology from him would ever be enough to undo the damage that's been done to [the victim in FECR150313].
>
> And, you know, I would say to her, she mentioned, you know, the feeling of embarrassment. You have nothing to be embarrassed for. You did nothing wrong. The wrong was done to you.
>
> As I said, you know, the conduct with the child [in FECR150717], you know, the facts involved with that situation, I mean, they're terrible and it's just—I mean, these are two different

offenses, two different times, two different types of victims and they just reinforce the fact that Mr. Dotson, I mean, even irrespective of his criminal history, which I agree is largely drug related, I mean, it indicates that he is a sexually violent predator as we—as you sit here today in 2024 in Dubuque, Iowa.

And after imposing judgment count-by-count, the court reiterated or expanded upon its reasoning:

> I think I've already hit on the reasons for my sentence. They're largely the nature of the conduct that's involved, the danger that I see that Mr. Dotson presents to the community given his victimization of an adult woman and a child. I've also taken into account the information contained in the [PSI]. There's some test analysis in there, frankly, I think the sentence would have stood even without that information, but they support it and that is specifically what his score was in terms of above average risk on the Static 99R and the results of the Iowa Sex Offender Risk Assessment. So he clearly needs to have the treatment that's going to be provided to him and that will be an opportunity at least for him to reduce his time served by participating in that program if he takes it seriously and commits himself to that.
>
> You know, the fundamental issue before the Court really on these sentences is whether they should run consecutive or concurrent. The defense is arguing for all concurrent for a maximum of ten years. The State in reaching its plea agreement was willing to recommend here today and has offered a reason at least for the Court to consider making the lascivious acts with a child run concurrent. The Department of Correction[al Services] in its [PSI] recommends against that and recommends consecutive sentences. So I really have three different things in front of me in terms of recommendations. My decision is that these offenses are all unrelated—well, the two cases clearly are unrelated. I understand that there is one extended incident in FECR150313 but clearly [that] has nothing to do with FECR150717. I mean, that's a separate crime, involves a separate person, a child no less, and I just do not see any reason that that would run concurrent with counts of sexual abuse of an adult woman. It's a separate offense. It deserves to be punished separately. And while I respect the State's reasoning for reaching the agreement it did and making the recommendation it did, I'm not willing to go along with that. I side more with the [PSI] recommendation. I just deem it as a wholly separate offense.
>
> . . . He doesn't get to just put each offense on his tab, so to speak. These are separate crimes. They're charged separately. Some of them were proven, some of them weren't. I'm only addressing the ones that were proven in court and because of the

nature of these crimes, the impact on the victim, the danger to the community, I find that consecutive sentences are appropriate. I'm making all of the sentences run consecutive to one another for a total maximum sentence of twenty-two years.

Dotson appeals from his sentence in FECR150717, claiming the prosecutor breached the plea agreement by urging the counts in FECR150313 run consecutive to each other while also recommending the sentence in FECR150717 run concurrent to the counts in FECR150313.

## II.      Standard of Review

"We review criminal sentences for correction of errors at law." *State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022). "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Id.* at 131 (citation omitted). We require strict rather than substantial compliance with terms of a plea agreement. *Id.*

## III.     Discussion

We have carefully reviewed this record, and we reject Dotson's claim the prosecutor breached the agreement. The assistant county attorney expressly advocated for the sentence in FECR150717 to run concurrent to the convictions in FECR150313 based on Dotson's plea accepting responsibility and the effect it had in sparing a child victim from a very likely traumatic courtroom experience. We discern no reservations in this recommendation, and we think the recommendation reflected legitimate prosecutorial interests. This is not a case where the prosecutor merely "recite[d]" the agreement. *Contra State v. Morgan*, No. 23-2000, 2025

WL 52763, at *2 (Iowa Ct. App. Jan. 9, 2025). As detailed in our lengthy quotation of the district court's explanation of its reasons for sentence, it is clear the district court understood the State's recommendation and the reasoning behind it—the court just disagreed. That happens sometimes. And it does not reflect a breach of the plea agreement.

We also recognize that this joint sentencing hearing was conducted with Dotson's consent, and he expressly agreed to the manner in which it proceeded. Dotson cannot complain now that the State made its recommendation for consecutive sentences in FECR150313 at the same hearing as its recommendation for concurrent sentences in FECR150717. If Dotson wanted his sentence in FECR150717 to be decided in a vacuum, he shouldn't have agreed to a joint sentencing hearing. *See, e.g.*, *State v. Rasmus*, 90 N.W.2d 429, 430 (Iowa 1958) ("A party to a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in which he himself acquiesced, or which was committed or invited by him, or was the natural consequence of his own actions." (cleaned up)). In the context of this joint proceeding, the prosecutor did not breach the plea agreement, we discern no error, and Dotson is owed no relief.

**AFFIRMED.**