# IN THE COURT OF APPEALS OF IOWA

No. 24-1013
Filed August 6, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RYAN HOWARD PARMELY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Laura J. Parrish, Judge.

A criminal defendant attempts to appeal from his conviction for first-offense OWI.  **APPEAL DISMISSED.**

Jeffrey L. Powell of Keegan, Tindal, & Jaeger, PLC, Iowa City, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

Ryan Parmely attempts to appeal from his conviction for first-offense OWI. He argues that he was not properly advised of the fact that his commercial driver's license would be revoked upon his conviction and thus did not voluntarily enter his guilty plea. But because we lack appellate jurisdiction, we dismiss this attempted appeal.

In November 2022, Parmely was arrested for OWI and charged with second-offense OWI. He entered a plea agreement with the State wherein the State agreed to amend the charge to first-offense OWI. Parmely requested immediate sentencing, waiving his right to move in arrest of judgment. He expressly acknowledged that asking the district court to immediately sentence him would waive his right to challenge his guilty plea.

The district court accepted Parmely's plea and set a sentencing date and hearing. However, before the sentencing date, Parmely moved to withdraw his guilty plea. He argued that his plea "did not contain any information concerning the driver's license revocation and commercial driver's license disqualification that will result from this conviction." At the hearing, the State argued that under *State v. Carney*, the licensure consequences of Parmely's conviction were a collateral consequence that did not provide a ground for withdrawal of his plea. *See* 584 N.W.2d 907, 909 (Iowa 1998).

In its ruling the district court observed that, since *Carney*, Iowa's OWI statute has been amended to expressly state that a second OWI offense is "punishable" by imprisonment, fines, and "revocation of the defendant's driver's license." Iowa Code § 321J.2 (2022). But the district court declined to depart from

*Carney*, noting that in *State v. Steffen*, No. 17-1959, 2019 WL 2371923, at *2 (Iowa Ct. App. June 5, 2019), our court also declined to depart from *Carney*, despite questioning *Carney*'s continued viability following the amendments to section 321J.2. So the district court found:

> It is not this Court's role to determine whether supreme court precedent should be overruled. It is the supreme court's decision to overrule its precedent. This Court finds that *Carney* still controls and as such, a driver's license revocation for an offense of operating while intoxicated, first offense, is a collateral consequence and the Court is not under any duty to advise [Parmely] of the driver's license revocation and its consequences. [Parmely]'s written plea of guilty is valid.

(Cleaned up). Parmely then attempted to appeal his conviction.

Our appellate courts are granted appellate jurisdiction in criminal appeals by Iowa Code section 814.6. Section 814.6(1)(a)(3) states that there is no right of appeal in cases where the defendant has pled guilty, except for guilty pleas to class "A" felonies or where the defendant establishes good cause. If neither of those criteria is met in an appeal from a guilty plea, we must dismiss the attempted appeal. *See State v. Hightower*, 8 N.W.3d 527, 534 (Iowa 2024).

A defendant "bears the burden of establishing good cause to pursue an appeal of his conviction based on a guilty plea." *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) (cleaned up). "Good cause" for appeal is a "legally sufficient reason." *Id.* "A legally sufficient reason to appeal as a matter of right is a reason that, at minimum, would allow a court to provide some relief on direct appeal." *Id.* "[W]hen an appellate court cannot provide relief because a defendant requests immediate sentencing and waives the right to file a motion in arrest of judgment after being adequately advised of the waiver's consequences, we lack jurisdiction."

*State v. Jennings*, No. 24-0583, 2025 WL 52816, at *2 (Iowa Ct. App. Jan. 9, 2025); *see also* Iowa R. Crim. P. 2.24(3)(a). The only exceptions to the requirement to move in arrest of judgment are "where the district court failed to adequately advise the defendant of the necessity for filing a motion in arrest of judgment and the consequences of not filing a motion in arrest of judgment" or "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel." *Tucker*, 959 N.W.2d at 153.

We do not have jurisdiction to decide Parmely's attempted appeal.[1] In his plea, Parmely expressly waived his right to move in arrest of judgment—a motion required for us to obtain appellate jurisdiction in this attempted appeal. He does not argue he was inadequately advised of the necessity of moving in arrest of judgment, and this is not a postconviction-relief proceeding. And Parmely's filing of a post-judgment motion titled "motion in arrest of judgment" does not change the fact that he waived his right to do so. *See State v. Smith*, 753 N.W.2d 562, 565 (Iowa 2008) (holding that when the district court erroneously considered a motion in arrest of judgment where the defendant waived his right to file the same, the defendant's only "avenue for relief is a postconviction-relief proceeding"); *cf. State v. Rasmus*, 90 N.W.2d 429, 430 (Iowa 1958) ("A party to a criminal

---

[1] We lack jurisdiction even if we found that Parmely's filed motion in arrest of judgment was not barred by his waiver of the same. Orders denying a motion in arrest of judgment are governed by procedures for discretionary review. *See* Iowa Code § 814.6(2)(f); *State v. Scott*, No. 20-1453, 2022 WL 610570, at *4 (Iowa Ct. App. Mar. 2, 2022). "An application for discretionary review must be filed within 30 days after entry of the challenged ruling . . . ." Iowa R. App. P. 6.106(1)(b). The ruling denying Parmely's motion in arrest of judgment was entered February 21, 2024. Parmely did not file this appeal until June 17, 2024—over 116 days after the ruling. We thus also lack jurisdiction to exercise discretionary review.

proceeding cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in which he himself acquiesced, or which was committed or invited by him, or was the natural consequence of his own actions." (cleaned up)).

Lacking appellate jurisdiction, we dismiss Parmely's attempted appeal.

**APPEAL DISMISSED.**