# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0083
Filed January 28, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Bryan Francisco Cordona,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Plymouth County,
The Honorable Jessica Noll, Judge.

————————————

**APPEAL DISMISSED**

————————————

Debra S. De Jong of De Jong Law Firm, P.C., Orange City, attorney for
appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, attorneys for appellee.

————————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

In December 2024, Bryan Cordona pleaded guilty to two counts of domestic abuse assault, second offense. The first count was an aggravated misdemeanor because he caused bodily injury; the second was a serious misdemeanor. *See* Iowa Code § 708.2A(2)(a)–(b), (3)(a)–(b) (2024). To resolve the aggravated misdemeanor, he and the State entered into a plea agreement wherein Cordona agreed to a sentence of one year in jail, with all but fourteen days suspended, and two years of probation. He also agreed to "submit to a search of [his] person, car, and/or residence at any time during probation pursuant to the policies and procedures of the Iowa Department of Correctional Services." The court accepted the agreement and imposed the agreed-to sentence.[1]

Cordona now appeals his sentences, urging that the personal-search provision is unlawful. But before we consider the merits, Cordona must first secure appellate jurisdiction. And because he pleaded guilty to offenses other than a class "A" felony, Cordona must show good cause to appeal. *See id.* § 814.6(1)(a)(3). He has not.

Generally, our supreme court has blessed direct appeals of sentences that were "neither mandatory nor agreed to in the plea bargain." *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020). In 2022, it "save[d] for another day the question of whether good cause exists to solely appeal an agreed sentence without an accompanying sentencing error outside the scope of the plea agreement." *State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022). Since then, we have consistently held that solely challenging nondiscretionary or

---

[1] On the serious misdemeanor, the court imposed a one-year jail sentence with all but seven days suspended and placed Cordona on probation for only one year. We thus focus—as does Cordona—on the plea and sentence for the aggravated misdemeanor.

agreed-to sentencing terms, without further alleging any errors extrinsic to the plea, is not good cause to appeal. *See, e.g.*, *State v. Cart*, No. 23-1338, 2025 WL 854775, at *2 (Iowa Ct. App. Mar. 19, 2025); *State v. Spencer*, No. 23-0844, 2024 WL 3518267, at *1 (Iowa Ct. App. July 24, 2024); *State v. Brumley*, No. 23-1693, 2024 WL 2842224, at *1 (Iowa Ct. App. June 5, 2024).

Cordona received the full benefit of his bargain. Indeed, by negotiating a rule 2.10(3) plea, Cordona specifically requested that the plea's terms be "[b]inding upon the court" and reserved his right to go to trial should the court decline to accept "the terms and conditions of the plea agreement." *See generally* Iowa Rule Crim. P. 2.10(3); *State v. Hightower*, 8 N.W.3d 527, 542 (Iowa 2024). As a result, he cannot now claim the court erred by granting his request to adopt the agreement in its entirety. And in so finding, we continue to adhere to the longstanding rules that "[a] party to a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts," nor may a defendant "allege an error in which he himself acquiesced, or which was committed or invited by him, or was the natural consequence of his own actions." *State v. Rasmus*, 90 N.W.2d 429, 430 (Iowa 1958) (cleaned up). Because Cordona has not shown good cause, we lack jurisdiction and dismiss his appeal.

**APPEAL DISMISSED.**