# IN THE COURT OF APPEALS OF IOWA

---

No. 25-1258
Filed April 1, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Robert Eugene Jones Jr.,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Plymouth County,
The Honorable Daniel P. Vakulskas, Judge.

---

## APPEAL DISMISSED

---

Matthew B. De Jong of De Jong Law Firm, P.C., Rochester, Minnesota,
attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Tabor, C.J., Langholz, J., and Doyle, S.J.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

In June 2025, Robert Jones Jr. entered a written guilty plea to possession of a controlled substance, first offense, for his possession of methamphetamine earlier that year. *See* Iowa Code § 124.401(5) (2025). In a plea agreement with the State, he agreed to a sentence of one year in jail, with all but seven days suspended, and one year of probation. He also agreed to "submit to a search of [his] person, car, and/or residence at any time during probation by a probation officer pursuant to the rule or policies of the Iowa Department of Correctional Services." A few days later, the district court accepted the agreement and imposed the agreed-to sentence.

Jones now appeals his sentence, arguing that the district court abused its discretion in imposing the personal-search provision as a term of his probation. But before we consider the merits, we must satisfy ourselves that we have appellate jurisdiction. And because Jones pleaded guilty to an offense other than a class "A" felony, Jones must show good cause to appeal. *See id.* § 814.6(1)(a)(3). He does not.

Our supreme court has held that a defendant generally has good cause to appeal a sentence that is "neither mandatory nor agreed to in the plea bargain." *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020). So too does good cause exist to challenge an error with the sentencing hearing even if the court imposes a sentence consistent with an agreed sentence—at least where the court was not "bound to enter a particular sentence pursuant to" a plea "agreement made under Iowa Rule of Criminal Procedure 2.10(3)." *State v. Hidlebaugh*, ___ N.W.3d ___, ___, 2026 WL 705422, at *4 (Iowa 2026). But the supreme court has left "for another day" whether good cause would exist for a similar challenge after an accepted rule 2.10(3) plea. *Id.* And our court has already held that challenging only the imposition of a binding sentence

after an accepted rule 2.10(3) plea  is not good cause to appeal. *See State v. Cordona*, No. 25-0083, 2026 WL 221511, at \*1 (Iowa Ct. App. Jan. 28, 2026); *cf. State v. Major*, No. 19-2055, 2021 WL 3662311, at \*1 (Iowa Ct. App. Aug. 18, 2021) (finding no good cause for an appeal challengingly only a mandatory part the sentence).

Jones and the State entered a plea agreement under rule 2.10(3). He received the full benefit of his plea bargain. Indeed, by negotiating a rule 2.10(3) plea, he specifically requested that the plea's terms be "[b]inding upon the court" and reserved his right to go to trial should the court "not accept the terms and conditions of the plea agreement." *See* Iowa R. Crim. P. 2.10(3); *State v. Hightower*, 8 N.W.3d 527, 542 (Iowa 2024). So he cannot now claim the court erred by granting his request to adopt the agreement in its entirety. Indeed, this holding is consistent with the longstanding rules that "[a] party to a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts" nor "allege an error in which he himself acquiesced, or which was committed or invited by him, or was the natural consequence of his own actions." *State v. Rasmus*, 90 N.W.2d 429, 430 (Iowa 1958) (cleaned up). Because Jones has not shown good cause, we lack jurisdiction and must dismiss his appeal.

**APPEAL DISMISSED.**